G. T. VICK et al. v. T. L. VICK et al.—398 S.W.(2d) 74.

Western Section. April 27, 1964.

Certiorari Denied by Supreme Court November 12, 1964.

Rehearing Denied by Supreme Court January 4, 1965.

212

J. Lee Taylor, R. T. Keeton, Jr., Huntingdon, for appellants.

Frank L. Hollis, Camden, for Vaughn Vick, Peeler & Hollis, Camden, of counsel.

AVERY, P.J.(W.S.). This is a case in which the Chancellor decreed the foreclosure of a deed of trust executed on April 24, 1946, by T. L. Vick and E. G. Vick to one Poe Maddox, as Trustee, securing the payment of their promissory note executed on the same date, and due April 24, 1949, which was three years after date.

The original bill was filed on September 18, 1958, for the purpose of selling the real estate described therein, which is not necessary to describe in this opinion. We simply state that it was described as a tract of land containing 252 acres located in the 16th Civil District of Carroll County, Tennessee, with a very minute description and reference to the deed by which said land was conveyed to the makers of said deed of trust. There was considerable litigation with respect to several issues created by the original bill and the pleadings filed therein,

including the final answers, but not all the issues determined by the Chancellor are before us on this appeal.

The case was heard on depositions and the pleas averred that the right of action on the trust deed was barred by statute of 10 years and that the note secured by the deed of trust was barred by the statute of limitations of six years, and the Chancellor so held as to the note. He decreed that the original note being barred by the statute of limitation that the lien provided by the deed of trust, which he ordered foreclosed, and which part of his decree is not now contested in this Court, did not include any interest on said note nor the attorney fees as provided in the note, and disallowed both attorney fees and interest.

The only question is whether or not the decree of the Chancellor to the effect that complainant could not recover as a part of his expense incident to this foreclosure proceedings, any interest on the debt secured by the deed of trust or attorney fees for legal services rendered complainant.

The debt evidenced by the note is the original consideration for the purchase of said land and is in the amount of $8600.00, and with the record showing how and why the deed of trust and the note were executed and dated as they show, is fully explained by the proof. Said note is as follows:

"DUE APRIL 24, 1949   NAME ————— NO——

$8600.00                Huntingdon, Tenn., April 24, 1946

"On or before April 24, 1949, after date, I, we or either of us promise to pay to the order of G. T. VICK

Eighty-Six Hundred and no/100_____DOLLARS

For value received, Negotiable and payable at

Bank of Huntingdon, Huntingdon, Tennessee.

"The makers, sureties and endorsers of this note hereby waive demand, notice and protest, AND, if the same be placed in the hands of An Officer or Attorney for Collection, I, We, or Either of us Agree to Pay 10 Percent of the face Hereof, IN ADDITION TO PRINCIPAL, to cover Fees, We Agree to Extensions and Partial Payments without notice.

"T. L. Vick
E. G. Vick

"This note secured by trust deed on real estate in 16th Civil District Carroll County, Tennessee. P.O. Camden R.F.D. #2."

The deed of trust securing the debt evidenced by said note is shown in full as Exhibit 1 to the deposition of Poe Maddox on pages 29, 30 and 31 of the transcript of the record. However, we think it unnecessary to copy all of said trust deed in this opinion. This document is headed "DEED OF TRUST" and then the first paragraph thereof is as follows:

"KNOW ALL MEN BY THESE PRESENTS, That We, T. L. Vick and E. G. Vick of the County of Carroll, State of Tennessee, have this day bargained and sold and do hereby transfer and convey unto W. Poe Maddox, Trustee of said County and State, for the sum of One Dollar to us in hand paid, and the other consideration hereinafter mentioned, the following described property to wit:"

Thereafter the land is fully described as lying and being in the 16th Civil District of Carroll County, Tennessee,

and by metes and dimension description and said to contain 252 acres more or less. It shows it was the same land that was deeded to the makers of the trust deed as shown by deed recorded in Deed Book 87, page 468 in the Register's office of Carroll County, Tennessee, and it was executed by complainant to his two sons.

The description of the debt secured by said deed of trust as set out in said deed of trust is as follows:

"But this deed is made for the following purposes and no other: That is to say: we are indebted to G. T. Vick by note of this date in the sum of Eighty Six Hundred ($8600.00) Dollars with interest from date at Six (6%) percent and due April 24, 1949 and we are desirous to secure and make certain the payment of the same. Now, if we should pay the said debt on or before the 24th day of April, 1949, then this deed of conveyance is to be null and void; but if we should not, then the said W. Poe Maddox Trustee after advertising as required by law shall expose the said property to public sale at any point designated by the Trustee, and sell to the highest bidder for cash, free from homestead, curtsey, life estate, and equity of redemption and appropriate the proceeds; first to the payment of all necessary expenses and costs; secondly, to the satisfaction of said debt and interest thereon; and lastly, to pay the balance, if any there be, to us."

It is properly signed and acknowledged by T. L. Vick and E. G. Vick.

The holder of said note was the father of the two persons who executed the deed of trust and the note, and the record shows that this money was furnished by him to his two sons to purchase from him, as executor, said

land, and that he did not file it in the Register's office until August 8, 1958.

E. G. Vick, one of the two brothers executing said note to their father and executing said deed of trust to the trustee as shown above, was married to Vaughn Vick on May 4, 1946, and he died August 15, 1956. E. G. Vick is the same person as Edwin G. Vick and two of the defendants, Larry Dale Vick and Brent Allen Vick are minor residents of Carroll County and children of the deceased E. G. Vick, and Vaughn Vick. Vaughn Vick is administratrix of her husband's estate. The other defendant, Hardy Sand Company and T. H. Hardy have nothing to do with this appeal. They were involved in the suit involving gravel rights in the land but neither appealed and they are not pertinent parties to this controversy in this Court.

Appeal was properly prayed, granted and perfected to this Court from that part of the decree disallowing any attorney fees for the filing of the bill to foreclose the deed of trust and from that part of the decree which disallowed any interest on the original debt, and from that part of the decree "holding that the note is barred by the statute of limitations."

Assignments of error are duly filed and they are simply that it was error for the Chancellor to disallow attorney fees necessary in the foreclosure proceeding and that the Court was in error in holding that the original complainant was not entitled to any interest on the debt secured by the deed of trust in the foreclosure of the lien. No assignment of error is made to the decree holding that the statute of limitations barred action on the note.

So that the question, and the only question posed in this Court is simply this: Where the note described as

the debt secured by the deed of trust provides for interest thereon and for attorney fees as set out therein, and there is no suit upon said note prior to the date upon which action is barred by the statute of limitations of six years from its maturity, but the lien created by the deed of trust is foreclosed as provided therein by a sale of the property so conveyed in said deed of trust prior to the 10 year period of limitations as to it, can there be collected from the proceeds of said sale attorney fees necessary in the foreclosure procedure, and interest on the original debt?

At first blush it seems to be a very simple matter to determine, but upon a careful examination of what our Courts have said in many cases, it is not quite so simple.

■ There is no doubt, and it can not be successfully controverted, that though the note is more than six years past due, the statute of limitations barring recovery thereon having run from the date of its maturity, can be looked to in order to show what debt is secured. That is, it can be looked to to show the amount of the debt. The original amount of the debt in this cause was $8600.00. It must be admitted that the foreclosure proceedings in this cause was instituted within ten years from the maturity date of the debt secured by the deed of trust.

We repeat again that the debt described as set forth in the deed of trust is said to be as follows:

"But this deed is made for the following purposes, and no other: That is to say: we are indebted to G. T. Vick by note of this date in the sum of Eighty Six Hundred ($8600.00) Dollars with interest from date at Six (6%) percent and due April 24, 1949 and we are desirous to secure and make certain the payment of the same."

■ It is, therefore, provided in the deed of trust that this referred to debt is to bear interest from a date shown to be the execution of said note and trust deed. Therefore, from the very existence of the debt, the deed of trust says that debt is to carry interest thereon at 6%.

Let us suppose there had been no note executed, and the deed of trust had simply said that it was executed to secure the payment of $8600.00, which our father has let us have to buy the tract of land which he has deeded to us and on which we agree to pay 6% interest from the date he let us have it until the date we repay it, the debt so described would have been the original amount plus the interest. Thus it can be easily seen that if the life of the lien fixed by the deed of trust is ten years before barring the lien, and it recites interest thereon in the deed of trust, the lien secures the amount due under such contract at the time of the payment of the debt, which would include the interest to that date.

We notice again that this deed of trust provides that in event there is a sale of the conveyed property by virtue of default in the payment of original debt that from the proceeds of this sale will first be applied:

"to the payment of all necessary expenses and costs; secondly, to the satisfaction of said debt and interest thereon; and lastly, to pay the balance, if any there be, to us."

So the deed of trust carries express terms to the effect that only balance which may remain over and above the stated secured debt is to be returned to the makers of the instrument creating the lien.

In Hahn v Eckel, 154 Tenn. 444, at page 449, 289 S.W. 496, at page 497, it is said:

"While the note itself was barred by the statute of limitation before the filing of the bill, it is well established that the indebtedness was not thereby extinguished, but that the lien of the trust deed continued, subject to enforcement by proper proceedings, in the hands of the holder."

In Lawman v. Barnett, 180 Tenn. 546, 557, 177 S.W. (2d) 121, 153 A.L.R. 772, several issues were involved. One was with respect to the foreclosure of a mortgage lien upon a series of notes which authorized acceleration of the entire debt in default of any installment, and in the discussion of the issues our Court followed the rule laid down in the case of Meadows Co. v. Bryan, 195 N.C. 398, 142 S.E. 487, 490. While the Supreme Court of North Carolina had under consideration also whether or not there had been an acceleration by virtue of the provisions of the trust deed in the action of the holder of the secured debt, which we do not have in this case, but the Court used the following expression:

"In that event, the statute of limitations will not begin to run from the date of such default, and an action to foreclose said mortgage or deed of trust will not be barred, until after the expiration of ten years from the maturity of all the notes secured thereby, notwithstanding the provision for the acceleration of the maturity of notes not due at date of such default. *A power of sale contained in a mortgage or deed of trust may be exercised at any time within ten years after the maturity of any note, secured by the said mortgage or deed of trust, according to its tenor, for the purpose of enforcing its payment out of the proceeds of a sale of the land. The foregoing statement of the law applicable to a decision of the question presented by this*

*appeal is in accord with authoritative decisions of this court.''* (Emphasis added)

A part of the provision of the trust deed in the case of Parker v. Banks, 79 N.C. 480, which the Supreme Court in the case of Lawman v. Barnett, supra, also approved, we find the expression in the trust deed which is similar to the trust deed here involved as it relates to interest, as follows:

"to secure the payment to the said Parker of the notes aforesaid, and all interest that may accrue upon them."

This case of Lawman v. Barnett, 180 Tenn. 546, 564, 177 S.W.(2d) 121 (1943) is cited by counsel for the appellee as supporting the proposition that the bar of an action upon the notes foreclosed any right on the part of the holder of the note to collect any more on foreclosure of the trust deed, than the original principal of the debt. We disagree with counsel with respect to the holding in Lawman v. Barnett, supra, supporting his position. We think it supports the position of the appellant most specifically as it relates to interest permitted to be collected on foreclosing the lien which the statute has not barred, even though the personal action on the note described in the trust deed which creates the lien has been barred.

Counsel for appellant, in reliance upon his contention that attorney's fee is collectible in the case at bar, relies on our case of Strong v. Efficiency Apartment Corp., 159 Tenn. 337, 346, 17 S.W.(2d) 1, 19 S.W.(2d) 273. So relying he quotes as follows:

"The rule is that attorney fees provided for in a note secured by mortgage are a constituent part of the obligation, secured alike with the principal debt. Merrimon

v. Parkey, 136 Tenn. 645, 655, 191 S.W. 327. It is a part of the contract and the lien may be enforced for it. Moore v. Cary, 138 Tenn. 332, 343, 197 S.W. 1093, L.R.A.1918D, 963. While in Merrimon v. Parkey, supra, the question of the lien status of such fees as against true subsequent purchasers or incumbrances was reserved, the court expressly disclaimed any intimation of approval of the exclusion of such fees from the enforcible lien of the mortgage even in such cases. And we find no satisfactory ground on principle or authority for discrimination against this plainly expressed constituent part of the obligation. In other cases later than those above mentioned this court has recognized the contract for attorney fees as a part of the debt, just as is interest, enforcible by or on behalf of the holder, along with the principal mortgage.''

It is observed that for the first legal statement contained in the above quote our Supreme Court was relying upon Merrimon v. Parkey, 136 Tenn. 645, 655, 191 S.W. 327. Also Moore v. Cary, 138 Tenn. 332, 343, 197 S.W. 1093. He also relies upon Montgomery v. Wolfe, 176 Tenn. 462, 466, 143 S.W.(2d) 717, wherein it said:

"It is of course well settled that where the security for a debt is a lien on property, real or personal, the lien is not impaired in consequence of the running of the statute of limitations upon the debt.''

And quoting again from Lawman v. Barnett, supra, he quotes only a portion of the language in the paragraph which is:

"it is well settled, in this and in the majority of jurisdictions, that a mortgage may be foreclosed to enforce payment of the debt secured thereby after the notes secured thereby have been barred.''

And from Strong v. Efficiency Apartment Corp., supra, 159 Tenn. at page 346, 17 S.W.(2d) at 3 (1928), he quotes the rule to be:

"The rule is that attorney fees provided for in a note secured by mortgage are a constituent part of the obligation, secured alike with the principal debt."

The whole paragraph from which this statement is made is copied on pages 220-221 hereof.

■ It is very true that the debt secured is collectible by the foreclosure of the lien at any time prior to the time the bar of that lien or institution of suit to foreclose it, within ten years from the maturity of the secured debt. That question is a primary one.

We have a bit more complicated matter in the case here before us, and one which I do not find has been directly settled by any decision in the State of Tennessee. Here we have a note upon which the right of action as a personal obligation has been barred prior to the time that the note was placed in the hands of an attorney for collection. Let us look again at the provisions in this note by which the attorney's fee becomes a part of the debt secured. This bare statement is as follows:

"The makers, sureties and endorsers of this note hereby waive demand, notice and protest, AND, if the same be placed in the hands of An Officer or Attorney for Collection, I, We, or Either of us Agree to Pay 10 Percent of the face Hereof, IN ADDITION TO PRINCIPAL, to cover Fees."

Now the note was due on April 24, 1949. It was not placed in the hands of the attorney in accord with its own provisions, until shortly prior to the day the suit was instituted, according to this record, September 18, 1958.

Therefore, no contract on the part of the makers of the note to pay attorney fees could be enforced until and unless the note be *"placed in the hands of an attorney for collection"*. (Emphasis added) Can it be said then that the attorney fees become an integral part of the secured debt after action on the note had been barred by the statute of limitations prior to the time that the note itself specified attorney fees would become an integral part of the secured debt? WE HAVE THAT QUESTION IN THIS CASE. It would not be doubted at all if this note had been turned over to an attorney for collection by foreclosure suit or otherwise, prior to the time the statute of six years ran on this note contract, certainly attorney fees then would have become an integral part of the secured debt and the promise to those who made the note to pay it would be liable therefor in accord with that stated in the note. If we are to fix the attorney fees for counsel for complainant in this case at 10%, in the absence of proof showing it to be a reasonable fee, then we are doing so upon the provisions of a note barred by the statute of limitations prior to the time the attorney's fee in the amount fixed by the note became a part of the secured debt.

In the case that we have, as it relates to attorney fees, to be in force in accord with the provisions of a note, there must be something in the deed of trust which would require a construction that a 10% attorney fee accrued prior to the time that the note was placed in the hands of an attorney for collection. We find no statement in the deed of trust which justifies such construction. We do as to interest but not as to attorney fees. However, that does not mean that in accordance with the terms of the deed of trust which was foreclosed by direction of the

holder of the lien created by the trust deed that he is not entitled to collect a reasonable attorney's fee. We think the provision in the deed of trust which provides that in event of foreclosure of the trust deed there shall be taken from the proceeds, prior to the application of same to the payment of the secured debt in its original form, the "expense" incident to that sale, relates to and includes some fee for the attorney.

Looking again, here we have not only a class of minors who take the interest in said land that their father had, subject to the rights of their mother but there was a necessity to determine the rights of the other parties to this lawsuit who had procured a contract to mine gravel from this particular piece of property.

Thus it was necessary for the trustee in this deed of trust, under the direction of the holder of the secured debt, to have counsel to file and prosecute this lawsuit. That being true we think that the holder of that debt was entitled, as a part of the "expense", to have a reasonable attorney's fee fixed and to be paid from the proceeds of the sale of this property. We do not say that counsel was entitled to 10% in accord with the provisions of the note, the result may be the same whether he is, by virtue of the provisions of the note, or whether he is by virtue of the provisions of the trust deed, to receive the same amount of fee. A reasonable fee may be 10%, but the Court disallowed all fees of counsel as a part of the "expense" in this case, and in that we think he erred. We think he should have required counsel to produce proof of what a reasonable attorney's fee would be and to have fixed that reasonable attorney's fee at a definite amount based upon the work done as well as the results accomplished by counsel.

To that extent we think the Court erred in disallowing attorney fees as well as disallowing the interest on the secured debt. It is our opinion that the deed of trust provided for interest on the debt as we have heretofore shown independent of the amount provided for in the note, though certainly the legal rate of interest became a principal part of the debt from the very date the note was made in accord with the provisions of the note, and as we conclude in accord with the terms of the deed of trust.

Thus we think we must sustain the assignments of error to the extent set out in this opinion and that the decree of the Chancellor with respect to interest and attorney's fee must be reversed and the case remanded to the Chancery Court of Carroll County Tennessee, directing the Chancellor to modify his decree so as to include interest from the date of the secured debt as provided by the deed of trust, and directing him to hear such proof and fix what in his opinion is a reasonable attorney's fee for the services rendered for counsel for the complainant below, to be included as a part of complainant's expense, who is the appellant in this Court.

Thus this cause will be remanded to the Chancery Court of Carroll County there to be pursued further in that Court in accord with this opinion, and to carry into effect all other parts of the Chancellor's decree not here involved, necessary to a conclusion of the cause.

Exercising our discretion in taxing the cost on this appeal in the way and manner we think proper and as provided by law, each party will be taxed with one-half of the cost of this case in this Court, and all of the cost in the lower Court will be fixed by the Chancellor in his

final decree. Decree will be entered in accord with this opinion.

Carney and Bejach, J.J., concur.