**Randall W. RUMPF and wife, Barbara Rumpf, Plaintiffs-Appellants,**

v.

**HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF UPPER EAST TENNESSEE, and Jack L. Myers (Substitute Trustee), Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 15, 1983.

Permission to Appeal by Supreme Court March 26, 1984.

Howell H. Sherrod, Jr., Johnson City, for plaintiffs-appellants.

M. Stanley Givens, G. Richard Johnson of Myers, Johnson & Givens, Johnson City, for defendants-appellees.

OPINION

FRANKS, Judge.

The principal issue presented by this appeal is whether the trust deed on the disputed property, securing a loan by Home Federal, provides for attorneys' fees on the facts of this case.

By way of background, the plaintiffs in this action attempted to purchase the disputed property from the Bartels, who gave the trust deed to Home Federal. However, at a scheduled closing, appellants refused to assume the loan because Home Federal exercised its right on the deed of trust to increase the interest rate on the loan secured by the deed of trust.

Subsequently, the Bartels became delinquent in their payments and Home Federal turned the matter over to its attorneys for collection. On checking the records at the Register's Office, the attorney discovered the Bartels had deeded the property to the Rumpfs free and clear of all indebtedness, including the deed of trust.

Home Federal, pursuant to the provisions of the deed of trust, declared all sums secured by the deed of trust due immediately and foreclosure proceedings were commenced. The Rumpfs brought suit in chancery court to enjoin the foreclosure and the chancellor dismissed the Rumpfs' complaint and ruled Home Federal could foreclose and cast the Rumpfs in judgment, including attorneys' fees as an expense of the foreclosure. On appeal, this court disallowed any judgment for attorneys' fees against the Rumpfs personally since there was no privity of contract between the Rumpfs and Home Federal but also ruled that Home Federal could foreclose on the trust deed.

A decree pursuant to the opinion of this court was entered in the trial court on July 29, 1982.

On October 19, 1982, the Rumpfs filed a complaint styled "Petition Motion" asking the trial judge to declare that Home Federal was required to accept a tender of the amount due except for the expense of collection, *i.e.*, reasonable attorneys' fees. Following an evidentiary hearing, the trial judge ruled:

Now, the Court is of the opinion that the Court of Appeals on remand intended that the Court look at the Deed of Trust and determine whether any of these events had occurred, and I so find that these events have occurred; that there is a right of the attorneys to charge back attorneys' fees to the loan.... I note one final thing as to the attorneys' fees clause in the Deed of Trust, and that is that it makes no reference to the fact that there has to be a foreclosure sale for the attorneys' fees to take effect. It makes no reference whatsoever to any foreclosure sale. It just says placed in the hands of an attorney for collection, et cetera. So, it's not premised upon that basis.... I think that Home Federal is entitled thus to the fifty-five thousand dollar, eighty hundred and seventy dollars and fifty cents—that's $55,870.50— payoff of principal and interest, eight thousand dollars in attorneys fees, which are charged back to the Bartel loan and declared to be a lien upon the property, fifteen dollars and thirty-four cents for interest up to today, and a hundred and fifty-six dollars and fifty-one cents in publication fees arising out of the foreclosure notice. I do not think that a tender of $55,870.50 is valid to stop the foreclosure proceedings. I do think that in order to stop the foreclosure proceedings by tender, a tender offer from the Rumpfs would take a total amount then of $64,292.35.

The Rumpfs initially argue the prior decision of this court bars Home Federal from collecting any attorneys' fees incurred as a result of the foreclosure proceedings. The prior decision of this court essentially decided that Home Federal could foreclose and the Rumpfs were not personally liable to Home Federal for attorneys' fees since the Rumpfs were not in privity with Home Federal.

■ The previous action and the instant action are separate and distinct claims. The final result in the prior action was that the Rumpfs were not personally liable for attorney fees as authorized by the deed of trust. The present action concerns the rights of Home Federal under the deed of trust. The issue thus becomes whether Home Federal could, as the trial judge held, as an incident of foreclosure, collect the amount of the debt owed plus reasonable attorneys' fees from the proceeds of the foreclosure sale. It is settled law that the purchaser of land with knowledge of a deed of trust thereon takes subject to that encumbrance. *Brevard v. Neely*, 34 Tenn. 164 (1854); *Galt v. Dibrell*, 18 Tenn. 146 (1836). It is not disputed that the Rumpfs had notice of Home Federal's deed of trust when the Rumpfs obtained their warranty deed from the Bartels.

The deed of trust provides, in the event the note is "placed in the hands of an attorney ... to protect the security for its payment", the attorneys' fees "shall be a lien on the premises herein conveyed and enforcible [sic] in the same manner as the primary debt." This provision was triggered when Home Federal was forced to litigate in the first action to determine its right to foreclosure. Under the deed of trust, Home Federal is entitled to collect attorneys' fees from the proceeds of the sale of the foreclosed property and courts have uniformly enforced these provisions in deeds of trust providing for the collection of attorneys' fees. *See Vick v. Vick*, 55 Tenn.App. 211, 398 S.W.2d 74 (1964); *Seaton v. Dye*, 37 Tenn.App. 323, 263 S.W.2d 544 (1953).

The judgment of the trial court is affirmed, the cost of appeal assessed to appellants.

PARROTT, P.J., and GODDARD, J., concur.