R. L. STEARNS *v.* E. M. JONES *et al.*

(*Knoxville.* September Term, 1917.)

**GUARANTY. Construction. "Continuing guaranty."**

Under the rule that a guaranty in a commercial transaction shall be taken as strongly against the guarantor as the sense will admit so as to further commerce, a contract, whereby defendant guaranteed payment of sales made by plaintiff to a firm up to $1,500, which did not name any time limit, must be deemed a "continuing guaranty," which is one not limited to particular or specific transactions and is intended to cover future transactions until revoked; and hence, notwithstanding plaintiff extended credit to the firm beyond the amount mentioned in the guaranty and the firm made payments beyond that sum, defendant is liable until revocation (citing Words and Phrases, Second Series, continuing Guaranty.)

Cases cited and approved: Drummond v. Prestman, 12 Wheat. (U. S.), 515; Bright v. McKnight, 33 Tenn., 158; Newcomb v. Kloeblen, 77 N. J. Law, 791.

Case cited and distinguished: Bank of Alexandria v. Turney, 52 S. W. 762.

---

FROM HAMILTON

---

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals, from the Supreme Court. —W. B. GARVIN, Chancellor.

THOMPSON, WILLIAM & THOMPSON, for Stearns.

S. B. SMITH, for Jones.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Complainant filed the bill of complaint to enforce the liability of defendant Jones as a guarantor. The chancellor and the court of civil appeals decreed in favor of complainant.

One of the questions raised in the assignment of error in support of petition for *certiorari* is that the contract of guaranty was satisfied, it not being a continuing one.

Stearns is a wholesale merchant, and Jones guaranteed payment for sales made by him to a firm of Peters & Soulyet up to $1,500, without naming any time limit.

In defense, it is urged that complainant extended to that firm credit on sales to an amount above $7,000, and proof shows that the guaranty sum was largely more than paid by the firm from time to time on the running account. It is not contended by complainant that the balance due on such total credit exceeds $1,100. The case for liability turns, therefore, on whether the contract was one of continuing guaranty.

In this State it has been held, following *Dummond* v. *Prestman,* 12 Wheat. (U. S.), 515 6 L. Ed., 712, in respect of a guaranty in a commercial transaction, that the guarantor shall be held to the full extent of

his engagements, and that the rule in construing such an instrument is that the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit. *Bright* v. *McKnight,* 1 Sneed (33 Tenn.), 158. This rule obtains in a number of jurisdictions and is based on the idea that it is important to uphold such guaranties as helpful to trade and enterprise, which very often "depend upon a combination of the labor and energy of those without means with the credit of those who have them."

The rule differs from that enforced in respect of a contract of ordinary suretyship.

A "continuing guaranty" is one which is not limited to a particular transaction or specific transactions, but which is intended to cover future transactions 'until revoked. It is generally unlimited as to time, but frequently limited as to the amount af indebtedness to be charged against the guarantor. 12 R. C. L., p. 1061; 1 Words and Phrases (Second Series), 974.

Applying the above rule for construing such a guaranty aganst the guarantor, then though the amount is limited, where a course of future dealings is contemplated, the instrument will be held to be a continuing one up to the amount limited.

If the guarantor desires to limit his responsibility to a single transaction or several specific transactions, not exceeding in all a certain sum, it is as easy to limit the element of time as that of amount. Where a limitation is put on the one without being placed on the other,

a fair inference arises that it was not the intention of the parties that the contract should be so narrowed in scope.

We seem to have but ont case involving the nature of a continuing guaranty. In *Bank of Alexandria* v. *Turney*, 52 S. W. (Ch. App.), 762, affirmed by this court, the following guaranty addressed to a bank was passed upon:

"J. F. Roy, Cashier: . . . In the event Mr. J. R. Grizzle should overdraw his account in your bank to the amount of $500, pay his checks and I will be responsible to you for his overdraft to that amount.

GEORGE TURNEY."

· It was there said that being a commercial instrument its purposes should, by construction, be promoted as far as consistent with its terms and the intention of the parties, as shown by their situation, the subject-matter, and the accompanying circumstances; and that by implication, when the amount of the liability is limited and the time is not, the contract should be construed to be one of continuing guaranty. See, also, *Newcomb* v. *Kloeblen*, 77 N. J. Law, 791, 74 Atl., 511, 39 L. R. A. (N. S.), 724, and note collecting the cases. It is there shown that there are three lines of decisions on the point, due to variant views held as to the primary question of the construction to be given such an instrument—liberal or strict as against the guarantor.

We hold the guaranty in this case to be a continuing one, in effect renewing liability from time to time after

Stearns v. Jones.

it has been apparently satisfied, in the absence of a revocation on the part of the guarantor.

The chancellor and the court of civil appeals so held; and, as there was no error in its rulings on the other questions again raised in this court, the decree of the appellate court is affirmed.