# THE FIRST NATIONAL BANK, HOPE, ARKANSAS, et al., Appellees, v. J. MADISON FOSTER, Appellant.—451 S.W.2d 434

Western Section. November 21, 1969.

Certiorari Denied by Supreme Court March 2, 1970.

Henry M. Beaty, Jr., Memphis, for appellant.

Threlkeld & Howard, Memphis, for appellee.

MATHERNE, J. This is a suit in Chancery wherein the complainant First National Bank of Hope, Arkansas sued the defendant under the terms of a guaranty wherein the defendant and other individuals guaranteed the payment to the bank of any and all indebtedness owed to the bank by The Hope Lumber Manufacturing

Company, Inc., up to a total amount not in excess of $75,000.00.

The Chancellor entered a decree in favor of the complainant and rendered judgment against the defendant for the sum of $16,003.70 which amount was the balance due and unpaid on the note including accrued interest as of date of judgment, and the sum of $1600.00 attorney's fee, making a total award of $17,603.70.

The defendant appealed to this Court and by four Assignments of Error insists that the Chancellor erred in awarding judgment against him, because (1) Defendant was in fact a surety and not a guarantor; (2) The proof failed to show the defendant had notice of various renewals of the original note; (3) The complainant failed to notify the defendant of the pending insolvency of the maker of the note; and (4) The complainant accepted new notes for the original note which released defendant as surety. These assignments of error will not be individually disposed of but will be considered together under the law as applicable to the facts of this case.

The facts establish that defendant was a member of the board of directors and stockholders in Hope Lumber Manufacturing Company, Inc. Sometime prior to May 27, 1963 the premises of this corporation burned. Financing was needed to restore the premises. As result of various negotiations with the Small Business Administration and complainant bank the complainant did on May 27, 1963 loan to Hope Lumber Manufacturing Company, Inc. the sum of $75,000.00 taking its unsecured note of that date in that amount, payable in eleven fixed monthly installments with the final and twelfth monthly installment

being in the amount of the then due balance, principal and interest.

The complainant as a condition of making this unsecured loan required the defendant and six other individuals to execute the guaranty to insure the payment of this obligation. These individuals were various other members of the board of directors or stockholders of the corporate debtor.

This debt was not paid when due and this note was renewed annually by the complainant bank taking a renewal note each year for the amount due on the date of each renewal. The last renewal note was dated December 25, 1966 in the amount of $57,500.00 payable to the order of The First National Bank, Hope, Arkansas in payments of "$1,000.00 plus interest each month, beginning Jan. 25, 1967 for 11 months, and the balance due on the 12th month." This note lists on its face the note numbers and dates of the original note and of all prior renewal notes and states that it is a renewal of those notes. This renewal note states it is secured by "Guaranty dated May 27, 1963." This renewal note was signed by the corporation.

Complainant collected from some of the individuals who signed the guaranty a portion of what was owing and sued the defendant guarantor for the balance due on the renewal note.

The Guaranty as executed by the defendant and others dated May 27, 1963, provides:

"For Value Received and in consideration of advances made or to be made, or credit given or to be given, or other financial accommodation from time to time af-

forded or to be afforded to The Hope Lumber Manufacturing Company, Inc., (hereinafter designated as 'Debtor'), by First National Bank of Hope, Arkansas and/or by Union Planters National Bank of Memphis * * * (all of which are hereinafter called the 'Bank'), the undersigned hereby jointly and severally guarantee the full and prompt payment to said Bank at maturity and at all times thereafter of any and all indebtedness, obligations and liabilities of every kind and nature of said Debtor to said Bank * * * howsoever evidenced, whether now existing or hereafter created or arising, whether direct or indirect, absolute or contingent, or joint or several, and howsoever owned, held or acquired, whether through discount, overdraft, purchase, direct loan or as collateral, or otherwise; and the undersigned further agree to pay all expenses, legal and/or otherwise (including court costs and attorney's fees, paid or incurred by said Bank in endeavoring to collect such indebtedness, obligations and liabilities, or any part thereof, and in enforcing the guaranty). The right of recovery, however, against the undersigned is limited to Seventy-Five Thousand and no/100 Dollars ($75,000.00) plus interest on all loans and/or advances hereunder and all expenses hereinbefore mentioned; * * *''

"This guaranty shall be continuing, absolute and unconditional guaranty, and shall remain in full force and effect until written notice of its discontinuance shall be actually received by said Bank, and also until any and all said indebtedness, obligations, and liabilities existing before receipt of such notice shall be fully paid. * * *''

"The liability hereunder shall in no wise be affected or impaired by (and said bank is hereby expressly author-

ized to make from time to time, without notice to anyone,) any sale, pledge, surrender, compromise, settlement, release, renewal, extension, indulgence, alteration, substitution, exchange, change in, modification or other disposition of any of said indebtedness, obligations and liabilities, either express or implied, or of any contract or contracts evidencing any thereof, or of any security or collateral therefor. * * *''

"In order to hold the undersigned liable hereunder, there shall be no obligation on the part of the said Bank at any time to first resort to, make demand on, file claim against, or exhaust its remedies against the Debtor, any one or more of the undersigned, or other persons or corporations, their properties or estates, or to resort to and exhaust its remedies against any collateral, security, property, liens or other rights whatsoever. It is expressly agreed that said Bank may at any time make demand for payment or payments on, or bring suit against, the undersigned guarantors, jointly or severally, or any one or more of the undersigned, less than all, without impairing the rights of the Bank against the others of the undersigned; and that the Bank may compound with any one or more of the undersigned for such sums as it may see fit and release such of the undersigned from all further liability to the Bank for such indebtedness without impairing the right of the Bank to demand and collect the balance of such indebtedness from others of the undersigned not so released. * * *''

"Notice to the undersigned guarantors of the acceptance of this guaranty and of the making or renewing of any loan or paper is hereby expressly waived by the undersigned. * * *''

 Contracts of guaranty are to be construed according to the ordinary meaning of the wordage used and with the view to carry out the intent as therein expressed. Villines v. Parham-Lindsey Grocery Co. (1927) 6 Tenn.App. 254. Guarantors are not favored under the law of Tennessee. W. R. Grace & Company v. Taylor (1965) 55 Tenn.App. 227, 398 S.W.2d 81.

 The guaranty is clear and unambiguous. By its express terms as herein quoted the defendant was not entitled to notice of acceptance by the guarantee, notice of renewal, or notice of pending insolvency of the debtor. It is also shown that the defendant as a member of the board of directors of the corporate debtor received notice of all meetings of the board of directors and attended those meetings he chose to attend. In the absence of fraud or misconduct on the part of the complainant bank, it cannot be said that complainant bank owed to the defendant the duty to advise him of the financial condition of the debtor corporation which was under the directorship of the defendant.

 Where a guaranty is absolute and continuing as is the situation here no demand or exhaustion of the maker is required, nor is any notice required of acceptance or default, and it does not matter whether guaranty stipulated that maker will pay or that guarantor will pay, nor whether maker is solvent or not, for in any event the undertaking is absolute, and the guarantor must pay the amount or see that it is paid. Hassell-Hughes Lumber Co. v. Jackson (1949) 33 Tenn.App. 477, 232 S.W.2d 325.

 The fact that renewal notes replaced the original note is of no significance because the defendant is obli-

gated under his guaranty and not on the note, Villines v. Parham-Lindsey Gro. Co., supra. In this case the defendant is not a surety on a note, but he is a guarantor of any "indebtedness, obligation and liabilities" owing to the complainant by Hope Lumber Manufacturing Company, Inc. up to an amount not in excess of $75,000.00.

■ Complainant asks that this Court allow additional attorney's fee against the defendant for representation in this court. We feel the attorney's fee as awarded below is sufficient to cover representation in this Court and we will not allow an additional fee.

■ The defendant perfected his appeal to this Court by filing a pauper's oath. The complainant has moved that the defendant be depauperized and required to make a bond for judgment, interest and costs as a condition to his appeal. We have reviewed the affidavits filed with the motion and the answer of the defendant. We overrule the motion because it has not been satisfactorily proven to this court that defendant's net worth is of such an amount that he can make the bond as sought by the complainant.

It results all Assignments of Error are overruled and the judgment of the Chancellor is affirmed. Cost is adjudged against the defendant.

Carney and Taylor, JJ., concur.