**The BANK OF WAYNESBORO, Petitioner,**

v.

**Sharon Lynn GHOSH, Executrix of the Will of A. K. Ghosh, Respondent.**

Supreme Court of Tennessee.

Feb. 12, 1979.

Ray Hollis, Waynesboro, Knox Bigham, Lewisburg, for petitioner.

George G. Gray, Waynesboro, for respondent.

## OPINION

COOPER, Justice.

This case arose from a claim filed by the petitioner, the Bank of Waynesboro, against the estate of Dr. A. K. Ghosh, based upon a guaranty of a debt of Donald Brewer executed by the late doctor. The County Court disallowed the claim, and was upheld by the Court of Appeals. We affirm.

The guaranty in question provides as follows:

KNOW ALL MEN BY THESE PRESENTS:

That in consideration of the Bank of Waynesboro at my request giving or extending credit to Donald Brewer in the amount of $9,828.90 and which is represented by a promissory note due said bank and signed by Donald Brewer and wife, Mary Laura Brewer, the undersigned hereby absolutely and unconditionally *guarantees the prompt payment of the aforesaid note according to its terms plus all accruals of interest, etc., thereon, including reasonable attorney fees after default, etc.* (emphasis supplied)

That the undersigned hereby waives presentment, protest, demand or action on any delinquency in respect of the aforesaid indebtedness or liability, including any right to require the bank to sue

or otherwise enforce payment thereof against any person or persons.

This 3rd day of June, 1971.

/s/ A. K. Ghosh

On June 3, 1971, Donald Brewer and his wife executed a note due a year from date in the amount that Dr. Ghosh had guaranteed. On June 3, 1972, Brewer alone executed a second note, which was represented by a new note number in the Bank's records. The Bank's ledger sheet that was submitted as evidence shows that on June 20, 1972, a payment of $9,828.90, the face amount of the first note, was credited to that note. On July 13, 1973, over one month after the second note was due, Brewer executed a third note, which also was denominated by a new note number. This third note was for $9,780.74, due a year from date. As before, the ledger shows a credit to the second note in its face amount. Dr. Ghosh died in October of that year, and, a little over a month later, the Bank filed the instant claim. Subsequently, Brewer refinanced the debt yet a fourth time, with the note co-signed by his wife. It was on this fourth note that he ultimately defaulted. The balance due at the time of the trial of this action was $6,877.51. The trial judge found that the guaranty secured the payment of the first note only, and, furthermore, that the first note had been paid, and thus disallowed the claim. On appeal, the Court of Appeals affirmed, although on a different theory than that relied on by the trial judge.

█ The petitioner has raised a number of assignments of error before this Court. However, on our view of the case, the key question presented—which, insofar as it does not encompass those pressed by the petitioner, pretermits them—is whether Dr. Ghosh by this guaranty undertook to guarantee the payment of the June 3, 1971, note alone, or whether by it he secured a line of credit to Brewer in the amount of $9,828.90. As the Court of Appeals made no specific finding of fact on this question, we must review the evidence de novo, with the presumption that the determination of the trial judge was correct unless the evidence pre-

ponderates against it, as we would in a case in which the findings of the trial court and the Court of Appeals had been in express disagreement. *Cf. City of Columbia v. C. F. W. Construction Co.*, 557 S.W.2d 734 (Tenn.1977).

█ In addressing this question, we necessarily must look to the intention of the parties as expressed in the language of the guaranty, with regard to the circumstances attending its execution. *See First National Bank, Hope, Arkansas, v. Foster*, 60 Tenn. App. 711, 451 S.W.2d 434 (1970); 38 Am. Jur. Second *Guaranty* § 24. *Cf. City of Columbia v. C. F. W. Construction Co., supra.* We find, as did the trial judge, that the former interpretation—that Dr. Ghosh guaranteed payment of the note alone—is the proper one to be placed upon this transaction. This conclusion is compelled by the unambiguous expression in the guaranty of the obligation assumed by Dr. Ghosh: To guarantee "the prompt payment of the . . . note according to its terms. . ." We can conceive of no reasonable interpretation that might be placed on that language other than that Dr. Ghosh intended to secure the payment of the note, and not a line of credit, nor have we found any credible evidence in the record of circumstances that would militate against our conclusion. *Cf. Bennett v. First National Bank of Norfolk*, 213 Va. 672, 194 S.E.2d 903 (1973); *Exchange National Bank v. Hunt*, 75 Wash. 513, 135 P. 224 (1913) (distinguishing those guaranties that secure the payment of a given note from those that secure a general indebtedness). Contrary to the argument of the petitioner, the language in the first sentence of the guaranty that speaks of an extension of credit does not support a contrary result, for it does so in the context of the consideration given by the Bank for the guaranty, not in that of the obligation undertaken by Dr. Ghosh.

█ Once it is determined that the guaranty secured only the payment of the June, 1971, note, it becomes immaterial whether that note was paid, as found by the trial judge, or renewed, as argued by the petitioner. If the note was paid, Dr.

Ghosh's obligation to secure its payment ended. 38 Am.Jur. Second *Guaranty* § 78. However, even were we to assume that the note was renewed, the Bank's claim would fail. Given a noncommercial guarantor,[1] where a principal and creditor, without the guarantor's consent, make a binding agreement to extend the time of payment by the principal, the guarantor is discharged unless the creditor expressly reserves his rights against him. Restatement of Security, § 129; 38 Am.Jur. Second *Guaranty* § 96; Annot., 74 A.L.R.2d 734. Here there is no question but that the first renewal note, executed on June 3, 1972, was at the least such a binding agreement to extend the time of payment. Furthermore, there is no indication either that Dr. Ghosh consented to such an extension, or that the Bank in making the extension reserved its rights against him. Accordingly, Dr. Ghosh was discharged from his guaranty at the time of the execution of June 3, 1972, note, and no basis remains for the claim pressed against his estate by the petitioner.

The judgment below is affirmed. Costs will be taxed to the petitioner.

FONES, BROCK and HARBISON, JJ. and HUMPHREYS, Special Justice, concur.

---

1. In this context, a commercial guarantor is one who engages in the business of executing such guaranties for compensation. There is no indication that Dr. Ghosh did so. *See* Restatement of Security, § 82, comment (i). *Compare* Restatement of Security, § 129(2).