CARTER COUNTY BANK, Appellant,

v.

CRAFT INDUSTRIES, INC., R. Glenn Householder, Mary C. Householder, Ronald B. Ison, Ginger H. Ison, and Susan H. Roberts, Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 25, 1982.

Permission to Appeal Denied by
Supreme Court Oct. 4, 1982.

Thomas E. Cowan, Jr. and Lanny R. Norris of Thomas Cowan & Associates, Elizabethton, for appellant.

Robert J. Jessee of Richard W. Pectol & Associates, Johnson City, for appellees.

## OPINION

PARROTT, Presiding Judge.

This case comes to us on an appeal from an order of summary judgment. The judge below ruled that Ronald B. Ison and Ginger H. Ison, appellees here, who were guarantors of a promissory note held by appellant, Carter County Bank, had been discharged from any liability under the note due to the execution of a new promissory note with different guarantors on the same debt. To rule as he did, the judge below had to conclude that there was no genuine issue as to any material fact and that appellees were entitled to a judgment as a matter of law.

After a review of the record and the applicable law, we must disagree with the court below that there were no issues of material fact requiring a trial on the merits. Consequently, we reverse the order of summary judgment and remand this case for a trial on its merits.

On October 22, 1973, Craft Industries, Inc., debtors under all notes material to this appeal, executed a promissory note to appellant for the principal amount of $25,-000.00. The terms of this note were 8½ percent interest per annum with 60 installments of $512.92 each. Appellees were guarantors of this note, as is evidenced by a separate agreement signed by them. This guaranty was specifically tied to the October 22nd note and was not a continuing guaranty agreement. Craft Industries made nine payments on this note, reducing the principal amount of $21,537.55.

On August 21, 1974, a new promissory note was executed between appellant and debtor for the remaining amount due under the first note. The terms of the second note were for 10 percent interest per annum with 48 monthly payments at $512.95 each. Appellees were not guarantors on this new note; it had new guarantors.

On September 16, 1974, an agent of appellant wrote the word "Paid" and the date across the front of the first promissory note. The note was not surrendered to appellees, but appellees were aware that a new note had been executed. The debtor reduced the principal amount owing on the second note to $13,783.27 before defaulting in 1979. Appellants thereafter sued the debtors, appellees, and the guarantors of the second note for the debt. Appellees moved for summary judgment, and the motion was granted. Appellants now appeal to this Court from the order of summary judgment.

The sole issue in this appeal is whether the judge below erred in granting summary judgment. We conclude that he did, for there are facts material to the question of appellees' liability on the first note that are in dispute. More specifically, we feel that the preliminary question in this matter is whether the parties *intended to discharge* the first note when the second note was executed.

Intent is a question of fact to be determined after consideration of all the evidence in a full trial. The affidavit of William B. Greene, Jr., president of appellant, and appellant's complaint itself make it clear that the intent to discharge is still in dispute. Summary judgment was, therefore, inappropriate.

Both appellant and appellees argue that T.C.A. § 47–3–802 supports their respective positions. This statute provides:

Effect of instrument on obligation for which it is given.—(1) Unless otherwise agreed where an instrument is taken for an underlying obligation:

(a) the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; and

(b) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation.

(2) The taking in good faith of a check which is not postdated does not of itself so extend the time on the original obligation as to discharge a surety.

We do not dispute that this provision may control if applicable, but the facts must first satisfy the requirement stated in the introductory language—"where an instrument is taken for an underlying obligation."

As we have already indicated, "[i]t is a question of intention whether the taking of the note satisfied the earlier obligation, a question to be determined by all the facts and circumstances (what was the state of the bank's knowledge, what did the bank do with the old notes, etc.)." White & Summers, *Uniform Commercial Code* § 13–19, p. 539 (1980).

Tennessee case law is clear on the point that the intention of the parties will govern the effect of a renewal: " 'The authorities are agreed that whether a renewal note operates as a discharge of the note of which it is a renewal is dependent on the intention of the parties.' " *First Nat'l Bank of Sparta v. Yowell,* 155 Tenn. 430, 437–38, 294 S.W. 1101, 1104 (1927). *See also Erwin Nat'l Bank v. Riddle,* 18 Tenn.App. 561, 79 S.W.2d 1032 (1935); *First Nat'l Bank of Sparta v. Hunter,* 22 Tenn.App. 626, 125 S.W.2d 183 (1939). Intention, of course, is a question of fact, not of law.

The court below specifically relied on the holdings in *Bank of Waynesboro v. Ghosh,* 576 S.W.2d 759 (Tenn.1979), and *Union Planters Nat'l Bank of Memphis v. Markowitz,* 468 F.Supp. 529 (W.D.Tenn.1979). We find both of these cases distinguishable from the situation present in the instant

 

case. In *Ghosh,* the Supreme Court, recognizing that intent governs in a discharge by renewal case, reviewed the findings of the trial court after a trial *on the merits.* In this case, we have no such complete record to review, as the trial judge granted summary judgment.

To adequately rule on the intention of the parties in any action, it is necessary that both sides have the opportunity to present evidence for the consideration of the finder of fact. No such opportunity was given in this case.

In *Union Planters,* although the case was on consideration of a summary judgment motion, the guaranty in dispute was a *continuing* one, rather than on a specific note as in this case. This makes the issue of renewal considerably different. Here, the issue is whether renewal discharged the prior note. There, the issue was whether renewal was included under the continuing guaranty. Thus, we do not find *Ghosh* or *Union Planters* controlling here.

A final consideration in this case is whether the first note was discharged as a matter of law by appellant's marking "Paid" on its face. We hold that it was not. T.C.A. § 47–3–605 could be construed to mean that the first note was cancelled by appellant's action. It provides:

> Cancelation and renunciation.—(1) The holder of an instrument may even without consideration discharge any party:
>
> (a) in any manner apparent on the face of the instrument or the endorsement, as by intentionally canceling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or
>
> (b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.
>
> (2) Neither cancelation nor renunciation without surrender of the instrument affects the title thereto.

Neither the note in question here nor the separate guaranty agreement were ever surrendered to appellees. Beyond that, the mere marking of "paid" on the face of a note, if a mistake, will not discharge the obligation it represents. *First Nat'l Bank of Sparta v. Yowell, supra.* The note was clearly not cancelled as a matter of law.

For all of the reasons stated in this opinion, we reverse the trial judge's order of summary judgment, and remand for a trial on the issues in dispute. Let the costs for this appeal be divided equally between the parties.

GODDARD and FRANKS, JJ., concur.