IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2000

## BERMAN D. KENNEDY v. DARLENE LANE-DETMAN, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 98-1077     W. Frank Brown, III, Chancellor**

**FILED JANUARY 30, 2001**

**No. E2000-01315-COA-R3-CV**

The defendant Herbert G. Adcox guaranteed, in part, payment of a $35,000 promissory note executed by Darlene Lane-Detman in favor of the plaintiff Berman D. Kennedy. Adcox's guaranty took the form of a post-dated check in the amount of $30,000. When Detman defaulted on the note and Adcox then stopped payment on the check, the plaintiff sued Adcox on the check. The trial court granted Adcox summary judgment, finding that the record before it established a number of affirmative defenses. We affirm the trial court's decision to grant summary judgment to Adcox, because we find that Kennedy modified the repayment terms of Detman's note without Adcox's consent.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D, MICHAEL SWINEY, J., joined.

Charles D. Paty, Chattanooga, Tennessee, for the appellant, Berman D. Kennedy.

Barry L. Abbott, Chattanooga, Tennessee, for the appellee, Herbert G. Adcox.

**OPINION**

I.

A few core facts are not in dispute. The plaintiff, Berman D. Kennedy, loaned Darlene Lane-Detman ("Detman") $30,000 on April 22, 1998. In return, he took a promissory note from her, also dated April 22, 1998, in the face amount of $35,000. The note, *see* Appendix A, does not expressly state that it bears interest. It does provide for "[p]ayment in full...on or before the 1st day of June, 1998." It is undisputed that, on or about April 20, 1998, the defendant Herbert G. Adcox signed and delivered a post-dated (to June 1, 1998) check to Kennedy in the amount of $30,000. While the parties to this litigation disagree on a number of facts, they both agree that the check was given to the plaintiff as a partial guaranty of Detman's note to Kennedy.

The dispute in this case is impacted by another and separate agreement between Kennedy and Detman, which is also dated April 22, 1998. It provides, in its entirety, as follows:

> To B.D. Kennedy, of Kennedy Jewelry Inc.
>
> I, Darlene Lane-Detman, do hereby declare the following:
>
> I am borrowing from B.D. Kennedy the sum of 30,000 dollars. 10,000 dollars cash. 20,000 dollars cashiers check from First Tennessee Bank, made out to the order of Debra Adams, for me, I cannot transact any business loans with to [sic] bank, because of a pending business loan with the Small Business Administration. I don't want to jeopardize this loan.
>
> I promise to pay back the sum of 35,000 dollars by June 01, 1998. 30,000 with 5,000 dollars in interest. If the total amount cannot be paid in full, then partial payment will be accepted with additional interest that is pro-rated. Collateral will be presented to B.D. Kennedy by Darlene Lane-Detman, to secure the loan, (see information with contract) House, bonds, office equipment, etc.

This document, which we will call, for lack of a better name, the "Kennedy-Detman side agreement," is signed by Kennedy and Detman. Significantly, it is not signed by Adcox who testified by affidavit, without contradiction, that he was unaware of its existence when he gave Kennedy the post-dated check.

The record is clear that Detman made two payments on the note: the first for $1,500 on June 3, 1998, and a second payment in the amount of $500 on July 24, 1998. As can be seen, both payments were tendered to, and accepted by, Kennedy after the June 1, 1998, due date of Detman's note.

It is clear from the record that Detman failed to make any further payments; that Kennedy, in August, 1998, notified Adcox of Detman's default; and that Adcox thereafter stopped payment on his check.

The trial court granted Adcox summary judgment. In doing so, it stated its rationale as follows:

> The Court finds particularly compelling in support of the Court's ruling that the plaintiff failed to obtain a Deed of Trust for the property referenced in the Promissory Note evidencing the loan from Kennedy to Detman with respect to the property referenced in the Promissory Note owned by Defendant Detman and located at 3729 Queens Road. The Court further finds that the [sic] as support of the

Court's ruling that the plaintiff modified the principle [sic] agreement by entering into a separate agreement with Detman modifying the terms of repayment. Finally, the Court finds particularly compelling that the plaintiff Kennedy appears before this Court with unclean hands because the defendant has entered into an agreement to loan money to Detman at an interest rate in excess of 175% interest and has also agreed with the defendant to structure the transaction to avoid the scrutiny of the Small Business Administration for which defendant Detman was applying for a loan.

We must decide if the record before the trial court, and now before us, justifies a grant of summary judgment to Adcox.

## II.

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Courts "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993).

## III.

The promissory note guaranteed by Adcox grants to the plaintiff alone the *option* of electing to renew the Detman note:

> At the end of the term of this note [*i.e.* June 1, 1998], the Lendor may demand payment in full of the balance due <u>or</u> the Lendor may elect the [sic] renew the loan as agreed and negotiated with the Obligor at the time of renewal.

(Underlining in original). By the terms of the Kennedy-Detman side agreement, the existence of which was unknown to Adcox, the plaintiff entered into a binding agreement that he *would* accept partial payments beyond the note's due date of June 1, 1998:

> I promise to pay back the sum of 35,000 dollars by June 01, 1998. 30,000 with 5,000 dollars in interest. *If the total amount cannot be paid in full, then partial payment will be accepted with additional interest that is pro-rated.*

(Emphasis added). The plaintiff, in effect, agreed by this two-sentence provision to extend the time for paying the note. This can be seen by comparing the wording of the first sentence with that of the

second sentence. The first sentence reiterates the obligation in the note to pay the debt in full by June 1, 1998. The second sentence is obviously designed to address a time frame *beyond* June 1, 1998. This can be seen from the introductory clause of the second sentence – "[i]f the total amount cannot be paid in full." We find, from the juxtaposition of these two sentences that the second sentence necessarily must be interpreted[1] to mean a repayment scheme that extends beyond June 1, 1998. According to the second sentence, those partial payments "will be accepted." This is mandatory language. The plaintiff, in fact, subsequently accepted two partial payments after the due date of the note. It is clear that, in so doing, the plaintiff extended the term of the note, as he was bound to do by the provisions of the Kennedy-Detman side agreement.

In *Bank of Waynesboro v. Ghosh*, 576 S.W.2d 759 (Tenn. 1979), the Supreme Court stated the applicable principle of law:

> Given a noncommercial guarantor, where a principal and creditor, without the guarantor's consent, make a binding agreement to extend the time of payment by the principal, the guarantor is discharged unless the creditor expressly reserves his rights against him.

*Id*. at 762 (footnote omitted). This principle is also stated in 38 Am. Jur. 2d *Guaranty* § 92 (1999):

> An extension of time for the payment of the principal obligation by the creditor, if not consented to by the guarantor, and given as the result of a binding agreement between the creditor and debtor, releases or discharges the guarantor from liability on the contract of guaranty....

(footnote omitted).

We find and hold that Kennedy, the beneficiary of Adcox's guaranty, made a binding agreement to extend the time of payment of the note, thus extinguishing Adcox's liability on his guaranty. Summary judgment on this basis is appropriate.

We have reviewed the other bases for the trial court's summary judgment. As to each, we find that there are genuine issues of material fact and/or reasonable doubt as to whether the plaintiff is entitled to relief, rendering summary judgment on those other bases inappropriate.

IV.

---

[1] The interpretation of a written agreement is a matter of law for the court. *Rapp Constr. Co. v. Jay Realty Co.,* 809 S.W.2d 490, 491 (Tenn. Ct. App. 1991).

-4-

The judgment of the trial court dismissing the plaintiff's suit is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE