IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2003 Session

## LABOR-KRAFT, INC. v. DONALD E. LEAGUE, ET AL.

**Direct Appeal from the Chancery Court for Wilson County**
**No. 00375     C. K. Smith, Chancellor**

---

**No. M2002-01573-COA-R3-CV - Filed September 4, 2003**

---

This dispute arises from a tax sale of real property in Wilson County.  The County failed to give notice of the sale to plaintiff, who held a properly recorded deed of trust.  The trial court determined the debt secured by the deed of trust had been paid and that the County's failure to give notice accordingly was harmless error.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and WILLIAM H. INMAN, SP. J., joined.

Paul R. White and Robert F. Spann, for the Appellant, Labor-Kraft, Inc.

Robert L. Callis, for the Appellees, Donald E. League and Helen F. League.

Michael R. Jennings, Wilson County Attorney, Lebanon, Tennessee, for the Appellees, State of Tennessee, in and for its own behalf and for the use and benefit of Wilson County, Tennessee, and the City of Watertown, Tennessee and the City of Lebanon, Tennessee.

## OPINION

In May 1995, Stanley Adams (Mr. Adams) executed a promissory note payable to Labor Kraft, Inc. ("Labor-Kraft") in the amount of $15,000, due August 1995.  The note was secured by a deed of trust covering several lots in a subdivision owned by Mr. Adams.  Labor-Kraft properly recorded the deed of trust in the register's office for Wilson County.  The promissory note secured by the deed of trust subsequently was marked "paid" by Labor-Kraft, but the deed of trust was never released.  The deed of trust was referenced in future promissory notes executed by Mr. Adams, payable to Labor-Kraft.

On March 14, 1998, defendant Wilson County held a tax sale and sold Mr. Adam's property for back taxes to Donald League and Helen League ("Leagues," hereinafter, defendants will be referred to, collectively, as "the County"). In October 2000, Labor-Kraft filed a petition in Wilson County Chancery Court to set aside the tax sale. In its petition, Labor-Kraft asserted that it held a valid, recorded and enforceable first mortgage; that the County had failed to give notice of the sale to Labor-Kraft as required by Tenn. Code Ann. § 67-5-2502(c); that it did not learn of the tax sale until after the one-year statutory redemption period had expired. Labor-Kraft prayed for the tax sale of the lots subject to its mortgage ("the property") to be set aside. It further prayed to be permitted to enforce its rights in the real property.

Following a hearing on May 9, 2002, the trial court granted the County's motion for involuntary dismissal. The trial court found the obligation underlying the deed of trust had been paid, and that the deed of trust, therefore, should have been released. The trial court further found that Wilson County had failed to give Labor-Kraft notice of the sale, but that this failure was harmless as Labor-Kraft had no protectable interest in the property. Labor-Kraft now appeals this determination.

### *Issue Presented*

Labor-Kraft recites three issues for review by this Court. The pivotal question, as we perceive it, is whether Labor-Kraft had an interest in the real property, secured by the deed of trust, such that the County's failure to give Labor-Kraft notice of the tax sale was not harmless.[1]

### *Standard of Review*

This appeal involves issues of fact. Our review of the trial court's determination of factual matters is *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

### *Analysis*

The Tennessee Code provides, in pertinent part, that in the event of a sale of land under a decree of the court:

> The delinquent tax attorney shall make a reasonable search of the public records in the offices of the assessor of property, trustee, local office where wills are recorded, and register of deed of trusts and give notice to persons identified by the search as having an interest in the property to be sold. The court shall set a reasonable fee for this service.

---

[1]Labor-Kraft raised as an issue for review whether the trail court erred in refusing to admit deposition testimony into evidence. The County has conceded the issue to be proved by this testimony. The issue accordingly is moot.

Tenn. Code Ann. 67-5-2502(c) (Supp. 2002). Labor-Kraft indisputably recorded a deed of trust securing a mortgage on the property, never released it, and thus should have received notice of the tax sale. The County unquestionably violated its statutory duty by failing to provide such notice. However, the trial court determined that this error was harmless under the facts of this case, as the debt secured by the deed of trust had been paid and the deed of trust accordingly should have been released. Upon review of the record before us, we do not find that the evidence preponderates against the findings of the trial court.

The facts as evidenced by the documents in the record are as follows. On May 5, 1995, Mr. Adams executed a deed of trust conveying an interest in real property in Wilson County to Labor-Kraft. The deed of trust stated that the conveyance was made in trust to secure a promissory note dated May 5, 1995, in the amount of $15,000, and "for no other purposes." It also included a notation that the maximum principal indebtedness secured by the deed of trust was $15,000. The deed of trust did not contain a notation or indication that it was open-ended or intended to secure future indebtedness. Labor-Kraft properly recorded the deed of trust in the Wilson County register's office on May 9, 1995. The deed of trust was at no time released by Labor-Kraft.

On May 5, 1995, Mr. Adams also executed a promissory note and security agreement for $15,000, plus fifteen percent interest, to Labor-Kraft. The note was secured by the deed of trust. The note was payable in installments of $5,000, with the balance due on or before August 10, 1995. The promissory note subsequently was marked "paid," with payment acknowledged by the signature of M. Dale Carter, President, Labor-Kraft.

On September 18, 1995, Mr. Adams signed a promissory note and security agreement for $2,500, plus fifteen percent interest, payable to Labor-Kraft on or before November 18, 1995. This note did not reference the deed of trust. On September 26, 1995, he signed an additional note for $6,600, plus fifteen percent interest, due on or before October 26, 1995. A third note was executed on November 22, 1995, for $9,500, plus twelve percent interest, payable monthly and due on or before February 12, 1996. On December 14, 1995, Mr. Adams signed a fourth note for $6,000, plus twelve percent interest, due on or before February 22, 1996. The notes executed on September 26, November 22, and December 14 recited that they were secured by the previously recorded deed of trust.

Labor-Kraft contends that these four notes were renewals of the May 5, 1995, note. Labor-Kraft cites *Commerce Union Bank v. Burger-In-A-Pouch, Inc.*, 657 S.W.2d 88, 90 (Tenn. 1983), for the proposition that a renewal note does not discharge the original note unless the parties so agree. It additionally cites *Carter County Bank v. Craft Industries, Inc.*, 639 S.W.2d 661, 663 (Tenn. Ct. App. 1982), as holding that the marking of a note as "paid," when a mistake, will not discharge the obligation due under the note. The crux of Labor-Kraft's argument, as we understand it, is that the debt due under the May 1995 note was not paid; that at least three of the subsequent notes were renewal notes; that Labor-Kraft therefore had an interest in the property secured by the deed of trust; that the trial court accordingly erred in its determination that the County's failure to give notice of the impending tax sale to Labor-Kraft was harmless.

The threshold question is whether Labor-Kraft properly preserved a secured interest in the real property. We find that Labor-Kraft failed to do so. As an initial matter, the deed of trust clearly recited that it secured a maximum debt of $15,000. Thus the deed of trust could not secure the full amount of $24,600, plus interest, of the combined subsequent notes.

Several factors support the determination of the trial court. First, the deed of trust contains no language indicating it was open-ended or secured future debt. On the contrary, it recited that it was executed to secure the $15,000 promissory note and "for no other purposes." Second, there is nothing in the record to suggest that the May 5 promissory note was marked "paid" in error. Third, the first of the four subsequent notes, alleged by Labor-Kraft to be renewal notes, was executed over a month after the August 10, 1995, due date of the note secured by the deed of trust. It was not marked as a renewal note and made no mention of the deed of trust. Fourth, the next three notes, while stating they were secured by the deed of trust, were not marked as renewal notes, collectively exceed the maximum amount of indebtedness secured by the deed of trust, and were executed over a period of several months at varying terms. Finally, the deed of trust was never modified; no additional deed of trust was executed; nothing in the deed of trust recorded by Labor-Kraft indicates that it secures anything but the $15,000 promissory note executed on May 5, 1995.

The courts determine the intentions of the parties to a deed of trust by the plain language of the instrument. *Wright v. Lincoln County Bank*, 465 S.W.2d 877, 881 (Tenn. Ct. App. 1970)(perm. app. denied). This intention is a matter of law which this Court reviews *de novo*. *Id.* A plain reading of the deed of trust in this case evidences no intention of the parties that the deed of trust was intended, when executed, to secure any further indebtedness. It is not marked as open-ended, secures a maximum of $15,000, and clearly was intended to secure only a promissory note executed on May 5, 1995, and due by August 10, 1995. The promissory note was marked as paid; subsequent notes are not on their faces renewal notes; there is no proof in the record to support the assertion that they were intended to be renewal notes when executed. The trial court found that the May 5, 1995, note had been paid, and, accordingly, the deed of trust should have been released.

Upon review of the record, we cannot say that the evidence preponderates against these findings of fact. Judgment of the trial court is affirmed. Costs of this appeal are taxed to Labor-Kraft, Inc., and its surety, for which execution my issue if necessary.

_____
DAVID R. FARMER, JUDGE