**Richard A. TAYLOR and H.P. Wood, Trustees, Plaintiffs-Appellees,**

v.

**Michael L. ROSS and Dale M. Ross, Defendants-Appellants.**

Court of Appeals of Tennessee, Eastern Section.

May 22, 1987.

Permission to Appeal Denied by Supreme Court Aug. 31, 1987.

David T. Black and Martha S.L. Black, Maryville, for defendants-appellants.

William B. Felknor, Maryville, for plaintiffs-appellees.

OPINION

FRANKS, Judge.

In this action on a guaranty agreement, the trial court entered judgment for plaintiffs and defendants have appealed, insisting the judgment exceeds their obligations under the terms of the guaranty.

Plaintiffs sold 600 acres of land to defendants for a consideration of $300,000.00. As a part of the purchase price, defendants assigned plaintiffs a $125,000.00 mortgage note, secured by 10 acres of land in Blount County. Defendants additionally agreed to guarantee any losses of the principal debt on the note up to $50,000.00. Specifically the contract provided, in pertinent part:

Buyer to guarantee payment of this note only to the following: in the event a loss might occur after the 36 months term of the contract, Buyer will pay any losses that might occur up to $50,000.00 principal only within 6 months after maturity.

A few days later, an assignment was executed between the parties providing for limited recourse against defendants in the event of a default on the note. The assignment provided:

ASSIGNOR AND ASSIGNEE hereby agree that this Assignment is without recourse except that in the event of foreclosure on the above mentioned Deed of Trust, ... then and only in such event, Assignee shall be entitled to limited recourse against Assignor as follows: (A) In the event of foreclosure on said Deed of Trust, ... Assignor shall be obligated to pay on the date hereinbelow mentioned, any principal loss sustained by the holders of the above mentioned Deed of Trust Note, ... (B) it is understood and agreed that Assignor's liability under this limited recourse assignment shall be a maximum of Fifty Thousand Dollars ($50,000.00); (C) it is understood and agreed that Assignor shall only be obligated to pay up to Fifty Thousand Dollars ($50,000.00) loss, if any, resulting from foreclosure after forty-two (42) months from date hereof; ... it is understood and agreed that no interest shall accrue on said amount owing; ... (E) for purposes of this agreement, it is understood and agreed that the sale price at foreclosure shall apply to the principal amount owing on the Deed of Trust Note ... and that Assignor shall only be obligated to pay up to a maximum amount of Fifty Thousand Dollars ($50,000.00) after said sale price amount has been applied

to the principal amount owing on said Deed of Trust Note....

The trial judge determined the deficiency exceeded the $50,000.00 guaranty and entered judgment for $50,000.00 plus interest at 12 per cent, per annum from March 11, 1985, plus $5,000.00 attorney's fees, explaining this is a "proper case for the fixing of attorney's fees".

■ In arriving at the amount of the deficiency, the judge computed the interest provided in the terms of the note and added it to the principal balance. By the express terms of the assignment defendants indemnified only losses on the original principal indebtedness of $125,000.00 up to $50,000.00, and while the assigned deed of trust note provided for interest at the rate of 12 per cent per annum, the guaranty extended only to liability on the principal. *Memphis Sheraton Corp. v. Kirkley*, 640 F.2d 14 (6th Cir.1981); *First Nat'l Bank, Hope, Ark. v. Foster*, 60 Tenn.App. 711, 451 S.W.2d 434 (1969). Accordingly, defendants were not obligated to pay any interest accruing under the terms of the note and remaining unpaid at the time of foreclosure.

The property sold for $78,000.00 and the net proceeds of the sale, after the payment of expenses, was $74,732.68, which was the amount the trial judge applied to establish the principal indebtedness under the note. Defendants argue under the terms of assignment and guaranty agreement, the principal indebtedness on foreclosure was to be reduced by the full amount of the bid price at the foreclosure sale; however, the agreement merely states: "the sale price of foreclosure shall apply to the principal amount owing on the deed of trust" and does not specify whether the amount was meant to be the full sale price or the customary net proceeds sum.

■ It is well-established guarantee agreements are construed strongly against the guarantors. *Chapman Drug Co. v. Brewer*, 390 F.Supp. 264 (D.C.Tenn.1974); *Hickory Springs Mfg. Co., Inc. v. Evans*, 541 S.W.2d 97 (Tenn.1976); *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801

(Tenn.1975); *First Am. Nat. Bank of Nashville v. Hall*, 579 S.W.2d 864 (Tenn. App.1978); *Nashville Elec. Supply Co. v. Kay Industries*, 533 S.W.2d 306 (Tenn.App. 1975). We conclude the trial judge did not err in applying the net proceeds of the foreclosure sale against the remaining principal as it is generally held costs incidental to foreclosure are considered to be a part of the debt or deficiency along with the principal mortgage and should be paid out of the proceeds of the foreclosure sale. *See Vick v. Vick*, 55 Tenn.App. 211, 398 S.W.2d 74 (1964); *Harris and wife v. Fourth & First Joint Stock Land Bank*, 8 Tenn.App. 301 (1928). *See also Walton v. Washington County Hospital Ass'n*, 178 Md. 446, 13 A.2d 627 (1940). *Accord:* 55 Am.Jur.2d, *Mortgages*, § 908.

Under the terms of the guaranty agreement, the deficiency is $35,267.32.[1] Since this amount became due and owing on March 11, 1985, six months after the maturity of the mortgage note, prejudgment interest may properly be assessed on this amount. The trial judge awarded interest at the rate of 12 per cent, based on the note; however, the proper rate is 10 per cent, per annum, as provided by T.C.A., § 47–14–123.

■ Finally, defendants assert "the trial court erred in awarding plaintiffs their at-torney's fees." Again, the trial judge looked to the terms of the note instead of the guaranty to establish this liability. Nothing in the assignment guaranteeing partial payment of the note provides for any liability for attorney's fees. The indemnification by the defendants was expressly limited to the payment of the original principal up to $50,000.00. Defendants did not contract to pay attorney's fees and, in the absence of a statutory authority or other exception to the general rule, there is no basis for the award of attorney's fees. Accordingly, judgment for attorney's fees is disallowed.

The cause is remanded to the trial court for the entry of a judgment in the amount of $35,267.32, together with interest at 10 per cent per annum from March 11, 1985.

The costs of the appeal are assessed one-half to appellants and one-half to appellees.

SANDERS, P.J. (E.S.) and ANDERSON, J., concur.

---

**1.** This amount is established by subtracting from the principal indebtedness of $125,000.00 the $15,000.00 payment toward the note and $74,732.68 net proceeds from the foreclosure sale.