Dennis STEWART, Plaintiff,

v.

SHELBY TISSUE, INC. and General Electric Capital Corporation, Defendants.

No. 99–2015.

United States District Court, W.D. Tennessee, Western Division.

Oct. 25, 1999.

---

James M. Simpson, Allen Scruggs Sossaman & Thompson, P.C., Memphis, TN, for plaintiff.

Saul C. Belz, Quitman Robins Ledyard, II, Waring Cox, Memphis, TN, Miranda S. Schiller, Weil, Gotshal & Manges, Mark A. Jacoby, New York City, for defendants.

Diane Vescovo, United States Magistrate Judge, Memphis, TN, pro se.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE COUNTS VII AND VIII IN FIRST AMENDED VERIFIED COMPLAINT

DONALD, District Judge.

Before the court is the plaintiff's, Dennis Stewart (hereinafter "Stewart"), motion for leave to file counts VII and VIII of his First Amended Verified Complaint. The defendants, Shelby Tissue, Inc. (hereinafter "Shelby") and General Electric Capital Corporation (hereinafter "GE") have filed a joint response opposing the motion.

### FACTS

Stewart was employed by Shelby and its parent, GE, starting in November of 1997, as Chief Executive Officer. A contract of employment was entered into between the parties. In November of 1998, apparently disagreements started to arise between the parties, resulting in Stewart's demotion to Sales Manager. Stewart resigned from Shelby/GE on January 8, 1999. Subsequently, he began work with Kruger, Inc., which, at some point in time, became associated with Global Tissue, LLC. On January 8, 1999, Stewart filed this complaint.

On or about January 22, 1999, Shelby/GE sent a letter to Kruger concerning Stewart claiming that he could not compete with Shelby based upon an alleged employment agreement. Further, Shelby/GE wrote Stewart and advised him he was in violation of that alleged employment agreement. Stewart was terminated from Kruger/Global Tissue in March 1999. Stewart alleges that Shelby/GE's efforts resulted in his termination from Kruger/Global Tissue.

On April 26, 1999, Stewart filed his First Amended Verified Complaint. This complaint included Count VII, alleging unlawful inducement of breach of contract in violation of T.C.A. § 47–50–109, and Count VIII, alleging tortious interference with contractual relations. At the time Stewart filed his First Amended Verified Complaint, neither Shelby nor GE had filed an answer. Both of these counts are based on the actions of Shelby/GE subsequent to Stewart's initial filing of his complaint.

On May 6, 1999, Stewart filed a Motion for Leave to File Counts VII and VIII. Shelby/GE have filed a response in opposition.

### STANDARD OF LAW

#### Fed.R.Civ.P. 15

■ Fed.R.Civ.P. 15 permits a party to either amend or supplement a pleading. There are two fundamental purposes for permitting a party to amend or supplement a pleading. The first is the policy of deciding a complaint on its merits rather than dismissing it on technical reasons. *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Greenberg v. The Life Insurance Company of Virginia,* 177 F.3d 507, 522 (6th Cir.1999); *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986). The second is that pleadings, in the federal system, generally serve the limited purpose of notice to the opposing party. 6 Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 2d § 1472 (West 1990).

■ A party may amend a pleading once, as a matter of course, at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is allowed and the action has not been placed on the trial calendar, then amendment is allowed within twenty (20) days after the original pleading is served. Fed.R.Civ.P. 15(a). Once a responsive pleading has been filed, a party's ability to amend, as a matter of right without the permission of the court, is terminated. *Keweenaw Bay Indian Community v. State of Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993).

■ A pleading may be amended after a responsive pleading has been served with the leave of the court or by the written consent of·the adverse party. Fed.R.Civ.P. 15(a). The court shall give its leave freely, when justice so requires. *Id.* Although the court has the discretion to grant or deny leave to amend, because of the public policy of trying cases on their merits, the court should not deny leave to amend without justifying reasons. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222

(1962); *Jet, Inc. v. Sewage Aeration Systems,* 165 F.3d 419, 425 (6th Cir.1999).

█ Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or there exist repeated failures to cure deficiencies in the complaint. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Phelps v. McClellan,* 30 F.3d 658, 662–63 (6th Cir.1994). Leave to amend may also be denied where the amendment would be futile and would not cure the defects in the original pleading. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Greenberg v. The Life Insurance Company of Virginia,* 177 F.3d 507, 522 (6th Cir.1999). Delay, alone, which is not intended to harass nor causes any discernable prejudice, has been held not to be a justifiable reason for denying leave to amend, especially where the plaintiff would be precluded from being heard on the merits. *See Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986); *Tefft v. Seward,* 689 F.2d 637 (6th Cir.1982).

█ To determine whether prejudice exists by the bringing of another claim or defense, the court should examine the following factors: 1) whether the opposing party will have to expend significant additional resources to conduct discovery and prepare for trial; 2) whether the resolution of the matter would be significantly delayed; or 3) whether the plaintiff would be prevented from bringing a timely action in another jurisdiction. *Phelps v. McClellan,* 30 F.3d 658, 662–63 (6th Cir.1994). *See also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

█ Also, the party seeking leave to amend must proceed with due diligence. For example, the Sixth Circuit denied leave to amend where a party waited until two years after the filing of an answer by the opposing party to seek to amend its pleading. *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir.1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974)). However, federal courts have permitted amendment at the following times: 1) following discovery; 2) after a pre-trial conference; 3) at a hearing on a motion for summary judgment; 4) at the beginning, during, and at the close of trial; and 5) after judgment has been entered. 6 Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 2d § 1488 (West 1990).

Whenever a party attempts to amend a pleading, there is the possibility that a defense of statute of limitations may be raised in an attempt to prevent amendment. Fed. R.Civ.P. 15(c) addresses this issue. This section permits amendments to relate back to the date of the original pleading when: 1) relation back is permitted by the law that provides the statute of limitations; 2) the claim or defense raised in the amended pleading arose out of the conduct, transactions, or occurrences alleged in the original complaint; or 3) the amendment changes the party or the name of the party, and the new party will not be prejudiced and knew or should have known that the action could have been brought against him. Fed.R.Civ.P. 15(c); *Brown v. Shaner,* 172 F.3d 927, 932 (6th Cir.1999).

Generally, Fed.R.Civ.P. 15(c) will not apply when a party alleges entirely new transactions in an amended complaint. 6A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 2d § 1497 (West 1990) (citing *Worthams v. Atlanta Life Insurance Co.,* 533 F.2d 994 (6th Cir.1976)). The amendment must arise from the same conduct, transactions, or occurrences. However, the expansion or modification of facts will relate back pursuant to Fed.R.Civ.P. 15(c). *Id.* Further, federal courts have held that amendments which cure a defective statement of subject matter jurisdiction, personal jurisdiction, or venue will also relate back. *Id.*

The Sixth Circuit has held that, although Fed.R.Civ.P. 15(c) permits the changing of parties, it does not permit the addition of new parties. *See Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996); *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449–50 (6th Cir.1991). Substitution of parties will also be allowed when there exists an identity of interest between the two parties. 6A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 2d § 1499 (West 1990) (citing *Ringrose v. Engelberg Huller Co.,* 692

F.2d 403 (6th Cir.1982); *Grooms v. Greyhound*, 287 F.2d 95 (6th Cir.1961)).

■ However, when a party is permitted to be substituted in accordance with Fed. R.Civ.P. 15(c), the Sixth Circuit has emphasized that the essential element to be considered is whether the new party had sufficient notice of the action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). This notice, however, need not be actual. It may be imputed or constructive notice. *See Berndt v. State of Tennessee*, 796 F.2d 879, 884 (6th Cir.1986).

Occasionally, it will only become apparent just before or after a trial starts that the pleadings need to be amended. Fed.R.Civ.P. 15(b), which allows amendments to conform to the evidence, was designed to address this situation. This rule states that when issues not raised by the pleadings are tried by the express or implied consent of the parties, then they shall be treated as if they had been raised in the pleadings. Fed.R.Civ.P. 15(b). Amendments pursuant top Fed.R.Civ.P. 15(b) have been used to correct jurisdictional statements, misstated facts, add unpled claims, and additional damages.[1] 6a Wright, Miller, & Cooper, *Federal Practice & Procedure*, Civil 2d § 1493 (West 1990).

■ The court may deny a motion to amend under Fed.R.Civ.P. 15(b), when the opposing party objects, if the objecting party demonstrates that it would be prejudicial. *See Worley v. Columbia Gas of Kentucky, Inc.*, 491 F.2d 256, 265 (6th Cir.1973), *cert. denied*, 417 U.S. 970, 94 S.Ct. 3174, 41 L.Ed.2d 1140 (1974); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir.1973). However, if the court permits the party introducing new evidence to present it, then the court may grant the opposing party a continuance to meet this new evidence. Fed. R.Civ.P. 15(b).

■ Fed.R.Civ.P. 15(b) does not require that a motion be made formally. *See Hasselbrink v. Speelman*, 246 F.2d 34, 38–39 (6th Cir.1957). Express consent may be given in any number of ways such as by stipulation or in the pretrial order. Implied consent, however, is a different matter. Where evidence is introduced without objection and the evidence is sufficient to support the new claim, implied consent may be found. *See Carlyle v. Department of the Army*, 674 F.2d 554, 556 (6th Cir.1982); *Hasselbrink v. Speelman*, 246 F.2d 34, 38–39 (6th Cir.1957). However, it must be understood by all the parties that the evidence so introduced was to be aimed at the unpled issue. *MBI Motor Co. v. Lotus/East, Inc.*, 506 F.2d 709, 711 (6th Cir. 1974). The decision of whether the issue has been tried by express or implied consent is within the trial court's discretion. *Chesapeake & Ohio Railway Co. v. Newman*, 243 F.2d 804, 813 (6th Cir.1957).

■ Generally, the court should freely allow amendments under Fed.R.Civ.P. 15(b). *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir.1973). However, this does not grant carte blanche for such motions. The court must weigh the cause shown for the delay against the prejudice to the opposing party. *Id.* at 874.

Amendment of a pleading only applies concerning facts and circumstances which occurred prior to the date of filing of the original complaint. For transactions, occurrences or events arising after the date of filing a complaint, a supplemental pleading must be filed. Fed.R.Civ.P. 15(d); 6A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 2d § 1504 (West 1990); *Hillgrove v. Wright Aeronautical Corp.*, 146 F.2d 621 (6th Cir.1945). Thus, a supplemental pleading may include new facts, new claims, new defenses, and new parties. 6A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 2d § 1504 (West 1990). Supplemental pleadings may be used to bring in additional parties when the subsequent events alleged in the new pleadings make it necessary. *See Griffin v. County School Board of Prince Edward County*, 377 U.S. 218, 226–27, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964). However, a supplemental pleading

---

1. Fed.R.Civ.P. 15(b) has also been held to permit the introduction of new defenses including: contributory negligence, discharge in bankruptcy, emergency, estoppel, fraud, illegality, joint enterprise, official immunity, privilege, release, statute of frauds, statute of limitations, and waiver. 6A Wright, Miller, & Cooper, *Federal Practice & Procedure*, Civil 2d § 1492 (West 1990).

will only be allowed upon reasonable notice and terms that are just. Fed.R.Civ.P. 15(d).

The granting of a motion to file a supplemental pleading is within the discretion of the trial court. *Schuckman v. Rubenstein*, 164 F.2d 952, 958–59 (6th Cir.1947). Factors such as undue delay, trial inconvenience, and prejudice to the parties should be considered when evaluating a motion to file a supplemental pleading. 6A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 2d § 1504 (West 1990). Even if the original pleading is defective, the court may permit a supplemental pleading. Fed.R.Civ.P. 15(d). However, as a general rule, applications for leave to file a supplemental pleading are normally granted. *McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir.1959).

Like motions to amend under Fed.R.Civ.P. 15(a), motions to supplement under Fed.R.Civ.P. 15(d) must be presented within a reasonable period of time. *See McHenry v. Ford Motor Co.*, 269 F.2d 18, 24 (6th Cir.1959) (denying a motion to amend which was brought four years after the commencement of the case). Generally, they can be brought at any time the action is before the trial court. 6A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 2d § 1509 (West 1990).

Although Fed.R.Civ.P. 15 does not provide for the application of the "relation back" provision under Fed.R.Civ.P. 15(c) to Fed.R.Civ.P. 15(d), the courts have generally recognized that it does apply. *See* 6A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 2d § 1508 (West 1990) (citing, *inter alia, Missouri, Kansas & Texas R. Co. v. Wulf*, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913)). Thus, there is protection for supplemental pleadings against responses claiming statutes of limitations.

## DISCUSSION

In his brief, Stewart claims that the factual bases for Counts VII and VIII are of a continuing nature since the filing of his initial complaint and, as such, amendment of his complaint concerning these two counts should fall within the scope of Fed.R.Civ.P. 15(a). It is evident from the record that the factual bases for these claims, unlawful inducement of breach of contract and tortious interference with contractual relations, only arose after the filing of the initial complaint. Thus, Fed.R.Civ.P. 15(d) applies.

Stewart acknowledges in his motion that Fed.R.Civ.P. 15(d) may apply and argues for leave to file a supplemental pleading for the two claims in question, after the fact. In support, Stewart claims that Shelby/GE will not be prejudiced by the granting of such leave and that because of the early filing of this request to file a supplemental pleading, there will be no undue delay or inconvenience. Further, Stewart argues that these two additional counts involve a common nucleus of facts with the other claims which would promote the speedy and economic disposition of the entire controversy. Stewart's arguments have merit.

In response, Shelby/GE argues that Stewart is actually bringing these additional claims to protract the litigation and complicate the defense. Shelby/GE, however, presents precious little in support of these arguments. Shelby/GE does not refer to any evidence or facts which would support the contention that Stewart is attempting to protract the litigation or complicate the defense. Indeed, a brief review of Stewart's allegations concerning Shelby/GE's activities since Stewart filed his original complaint indicates that his claim may very well have merit.

Shelby/GE also argues that because Stewart's claim is without merit, as discussed in Shelby/GE's motion to dismiss filed March 26, 1999, Stewart should not be permitted to file a supplemental pleading. However, Shelby/GE's motion was filed well before Stewart's First Amended Verified Complaint and the motion does not directly address Counts VII and VIII. Further, this court has already addressed Shelby/GE's motion to dismiss by order dated June 9, 1999, and found that the majority of the claims raised in Stewart's complaint should not be dismissed. Thus, this argument of Shelby/GE is also without merit.

The court is not unmindful of the fact that Stewart has filed his supplemental pleading before asking the court's leave, in violation of Fed.R.Civ.P. 15(d). However, the court

finds that Shelby/GE had reasonably timely notice of the facts and circumstances underlying the supplemental pleading and that no prejudice will result.

**CONCLUSION**

Shelby/GE has not demonstrated that any undue delay, trial inconvenience, or prejudice would result if Stewart's motion was granted. Further, not granting Stewart's motion would require him to file a separate action, which would be a waste of judicial resources. Thus, the court finds that the motion should be granted.

Accordingly, Stewart's Motion for Leave to File Counts VII and VIII of his First Amended Verified Complaint is GRANTED.