IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 20, 2002 Session

## JOHN RUFF v. RALEIGH ASSEMBLY OF GOD CHURCH, INC., ET AL.

Direct Appeal from the Circuit Court for Shelby County
Nos. 37009-7 T.D. & 41122-7 T.D.      Robert A. Lanier, Judge

No. W2001-02578-COA-R3-CV - Filed July 14, 2003

This appeal arises from a complaint filed by the plaintiff, John Ruff ("Mr. Ruff"), in the Circuit Court at Shelby County against the defendant, Raleigh Assembly of God Church, Inc. ("the church"), for assault, battery, false imprisonment and intentional infliction of emotional distress. At the conclusion of the trial, the trial court entered judgment in favor of the church. The parties raise multiple issues on appeal. For the following reasons, we affirm in part and remand.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Affirmed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

John Ruff, *pro se*, Memphis, TN

Evan Nahmias, Memphis, TN, for Appellee

### OPINION

### Facts and Procedural History

Mr. Ruff began attending the worship services at the church approximately three years prior to the incident that precipitated this lawsuit. Ruff v. Raleigh Assembly of God Church, Inc., No. 02A01-9410-CV-00226, 1996 Tenn. App. LEXIS 7, at *1-2 (Tenn. Ct. App. Jan. 9, 1996). At some point during these three years, Mr. Ruff became infatuated with a young woman in the congregation, Ethel Richards Beaver ("Ms. Beaver"). Mr. Ruff has never had a relationship with Ms. Beaver and she has declined his invitations to begin a relationship. Mr. Ruff's relentless attempts to gain Ms. Beaver's affection resulted in an injunction being issued against him in the Chancery Court of Shelby County. (citing Beaver v. Ruff, No. 02A01-9303-CH-00051, 1994 Tenn. App. LEXIS 455 (Tenn. Ct. App. Aug. 15, 1994)). This injunction prohibited Mr. Ruff from "communicating with or approaching Ms. Beaver." Mr. Ruff appealed the issuance of this injunction, which this Court upheld.

Mr. Ruff alleged that various members of the church and the minister of the church, J.D. Middlebrooks ("Pastor Middlebrooks"), conspired to prohibit Mr. Ruff from socializing with Ms. Beaver. Sometime in August of 1990, Mr. Ruff discovered that G. Raymond Carlson, an official of the Assemblies of God Church, was scheduled to speak on the last day of a three-day revival service. Mr. Ruff contacted Carlson and requested to speak with him on September 19, 1990, to discuss his belief that Pastor Middlebrooks and other church members were conspiring to keep him away from Ms. Beaver. Carlson did not agree to speak with Mr. Ruff.

On September 18, 1990, the evening prior to Rev. Carlson's visit, Mr. Ruff caused a disruption during the service. Mr. Ruff apparently said something which caused church members to be concerned for their safety as well as the safety of Mr. Carlson. As a cautionary measure, an associate pastor of the church contacted Officer J.D. Downs ("Officer Downs"), a member of the church and a Memphis police officer, and asked him to watch Mr. Ruff at the service on September 19.

During an altar call at the September 19 service, Mr. Ruff walked down the aisle to an area beneath the speaker's platform. Mr. Ruff then began approaching the platform. At this time, Officer Downs, who was off-duty, and other church members intercepted Mr. Ruff. Officer Downs extended his hand to Mr. Ruff and the men exchanged pleasantries. Officer Downs then asked Mr. Ruff to accompany him to a side room. Mr. Ruff declined and stated that he was going to go onto the platform. Officer Downs placed his hand on Mr. Ruff's arm and told Mr. Ruff that he would not be allowed to do that. When Mr. Ruff continued his ascent onto the platform, Officer Downs and the other church members "caught Mr. Ruff and carried him from the platform to an adjoining room."

Officer Downs briefly detained Mr. Ruff and observed his threatening manner. Thereafter, Mr. Ruff was taken by the Memphis Police Department to Regional Medical Center at Memphis for a medical evaluation." After a hearing in General Sessions Court, Mr. Ruff was involuntarily committed to the Memphis Mental Heath Institute pursuant to Tennessee Code Annotated section 36-6-103.

Mr. Ruff brought suit against the church, alleging the church had committed assault, battery, false imprisonment and intentional infliction of emotional distress. This is the third appeal of this case. See Ruff v. Raleigh Assembly of God Church, Inc., No. 02A01-9202-CV-00031, 1992 Tenn. App. LEXIS 644 (Tenn. Ct. App. July 28, 1992); see also Ruff, 1996 Tenn. App. LEXIS, at *7. The issue in the first appeal was whether the trial court erred in granting the church's motion for summary judgment. Ruff, 1992 Tenn. App. LEXIS, at *1. This Court held that the trial court erred in granting the motion and remanded the case to the trial court. Id. at *8-9. On remand, the trial court, *sua sponte*, dismissed the action prior to the close of Mr. Ruff's proof. Ruff, 1996 Tenn. App. LEXIS, at *1. Mr. Ruff appealed and this Court found that the trial court erred in dismissing the case and remanded to allow Mr. Ruff to complete the presentation of his proof. Id. at *11. On remand, the trial court heard the matter without a jury on June 25, 26, 27, 28 and July 2, 2001. At the conclusion of the trial, the trial court entered judgment in favor of the church. Subsequently, Mr.

Ruff filed four post-trial motions. The trial court considered and denied each of these motions by order entered September 11, 2001. Mr. Ruff timely filed his notice of appeal, appealing the September 11, 2001 order. The parties raise multiple issues on appeal.

**Issues**

The **Appellant** raises the following issues for our review:

I. Whether the trial court abused its discretion by allowing the church to file responses to Appellant's Requests for Admissions after thirty days from the date they were served.

II. Whether the trial court erred by denying Appellant's May 14, 2001 motion for summary judgment.

III. Whether the record as a whole preponderates against the trial court's July 12, 2001 judgment dismissing Appellant's causes of action for assault, battery, false imprisonment and intentional infliction of emotional distress.

IV. Whether the trial court erred in its July 12, 2001 judgment in not rendering a decision on the assault claim contained in the complaint.

V. Whether the trial court abused its discretion in failing to hold that Rev. Middlebrook's January 2, 1991 admission statement to Attorney William Hardwick constituted substantive, uncontroverted evidence of the church's liability in this cause under Rule 803(1.2)(A)(C)(D) of the Tennessee Rules of Evidence.

VI. Whether the trial court erred in failing to find that J.D. Downs, member of the church, was not an "officer" within the meaning of T.C.A. § 33-6-103(b) because he was "off duty" as a City of Memphis police officer when he initiated commitment proceedings against the Appellant on September 19, 1990.

VII. Whether the trial court erred in failing to find that Rita Officer, psychologist, was not authorized under T.C.A. § 33-6-103(f) to commit the Appellant to a mental institution on September 20, 1990 because she did not have a Ph.D. at that time.

VIII. Whether the trial court erred in failing to find that J.D. Downs and Rita Officer did not follow the commitment procedures under T.C.A. § 33-6-103 thru 104 when they caused the Appellant to be admitted to the Memphis

Mental Health Institute following the incident at the church on September 19, 1990.

IX.    Whether the trial court erred in failing to find that the charter of the church did not authorize the church to hold religious services and to commit the tortious acts contained in the complaint against Appellant.

X.    Whether the trial court erred by denying Appellant's motion to set aside its January 17, 2001 order regarding re-consolidation of case no. 41122 with this case.

XI.    Whether the trial court erred by denying Appellant's motion to supplement the complaint.

XII.    Whether the record as a whole preponderates against the trial court's September 11, 2001 order denying Appellant's post-trial motions for new trial, to recuse, make additional findings, alter the judgment and granting the church discretionary costs.

## Standard of Review

The findings of fact made by a trial court are given a presumption of correctness that will not be overturned unless the evidence preponderates against those findings. See TENN. R. APP. P. 13(d); see also Bank/First Citizens v. Citizens and Assoc., 82 S.W.3d 259, 262 (Tenn. 2002). A trial court's ruling on a matter of law, however, will be reviewed "'under a pure *de novo* standard . . . according no deference to the conclusions of law made by the lower court[].'" Bank/First Citizens, 82 S.W.3d at 727 (quoting Southern Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001)).

## Law and Analysis

In his first issue, Mr. Ruff alleges that the trial court abused its discretion by allowing the church to file responses to his Requests for Admissions after thirty days from the date they were served. Specifically, Mr. Ruff argues that Rule 36.01 does not authorize the trial court to *sua sponte* extend the time in which to file a response to the request for admissions. We disagree.

Rule 36.01 of the Tennessee Rules of Civil Procedure provides that "[t]he matter is admitted unless, within 30 days after service of the request, *or within such shorter or longer time as the court may allow*, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . ." TENN. R. CIV. P. 36.01 (emphasis added). The plain language of Rule 36.01 allows the court to shorten or extend the time in which to file a response. See TENN. R. CIV. P. 36.01. Rule 36.01 does not require that a party submit a written

motion before the court can shorten or lengthen the time period in which to respond.  See TENN. R. CIV. P. 36.01.

This Court has previously held that Rule 36 provides a useful avenue for "weeding out facts and items of proof over which there is no dispute," however, this rule "should not be applied so technically that it interferes with substantial justice."  Hudson Brothers, Inc. v. Cook, No. 01-A-01-9008-CV-00276, 1991 Tenn. App. LEXIS 614, *7-8 (Tenn. Ct. App. Aug. 7, 1991). As our Supreme Court stated in Benton, decisions regarding pre-trial discovery matters are within the sound discretion of the trial court.  Benton v. Snyder, 825 S.W.2d 409, 416 (Tenn. 1992).  As such, these decisions will not be overturned by an appellate court unless the trial court clearly abused its discretion.  Id.

In permitting the church to file its response, the trial court stated that "[i]t is an axiom of our law that we try if we can consistent with the law to try cases on the merits of the case and not on nobody getting to have their say which is the affect [sic] to what happens when you admit everything in a request for Admissions."  We find that the trial court did not abuse its discretion by allowing the church to file its answers more than 30 days from the date the requests were served.

In his second issue, Mr. Ruff argues that the trial court erred by denying his May 14, 2001 motion for summary judgment.  The church argues, under the authority of Bradford v. City of Clarksville, that an appellate court will not review a trial court's decision regarding summary judgment where a judgment was subsequently rendered after a trial on the merits.  We agree.

This Court has previously held that a "trial court's denial of a motion for summary judgment, predicated upon the existence of a genuine issue of material fact, is not reviewable on appeal when a judgment is subsequently rendered after a trial on the merits."  Bradford v. City of Clarksville, 885 S.W.2d 78, 80 (Tenn. Ct. App. 1994) (citing Hobson v. First State Bank, 777 S.W.2d 24, 32 (Tenn. Ct. App. 1989)); see also Cortez v. Alutech, Inc., 941 S.W.2d 891, 893-894 (Tenn. Ct. App. 1996).  In the case *sub judice*, the trial court denied Mr. Ruff's motion for summary judgment because there were disputed issues of fact.  A judgment was subsequently rendered after a trial on July 12, 2001.  As such, this Court will not address the propriety of the trial court's denial of Mr. Ruff's motion for summary judgment.

Mr. Ruff's third issue relates to whether the record as a whole preponderates against the trial court's July 12, 2001 judgment dismissing his causes of action for assault, battery, false imprisonment and intentional infliction of emotional distress.  With respect to the trial court's findings of fact, our review is *de novo* upon the trial court's record, accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise.  TENN. R. APP. P. 13(d).  The presumption of correctness afforded the trial court's findings of fact is particularly important where the court is called upon to resolve conflicting testimony based upon the court's evaluation of the witnesses' credibility.  Clark v. Perry, No. 02A01-9704-CH-00080, 1998 Tenn. App. LEXIS 194, at *12-13 (Tenn. Ct. App. Mar. 19, 1998).  This Court has previously stated:

Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances. Where the issue for decision depends on the determination of credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and demeanor of the witnesses.

Id. at *13-14 (citing Ivey v. McAlexander, No. 02 A01-9210-CH-00287, 1993 Tenn. App. LEXIS 578, at *16 (Tenn. Ct. App. Sept. 1, 1993) (citing Tenn-Tex Properties v. Brownell-Electro, Inc., 778 S.W.2d 423 (Tenn. 1989))). The trial court considered all the evidence before it and weighed the credibility of all the witnesses in rendering its decision. After a thorough review of the record, we find the evidence does not preponderate against the trial court's findings.

In his fourth issue, Mr. Ruff argues that the trial court committed error when it failed to render a decision on his assault claim. Rule 3(a) of the Rules of Appellate Procedure provides that final judgments are appealable as of right. See TENN. R. APP. P. 3(a). The rule goes on to provide that if "multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims . . . is not enforceable or appealable and is subject to revision at any time before entry of a final judgment." TENN. R. APP. P. 3(a). From the record before us, it appears that the trial court failed to render a decision on Mr. Ruff's assault claim. Because the trial court's order did not render a decision on the assault claim there was no final judgment.

Our Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." Bayberry Assocs. v. Jones, 783 S.W.2d 553, 559 (Tenn. 1990) (citing Aetna Cas. & Sur. Co. v. Miller, 491 S.W.2d 85 (Tenn. 1973)). Rule 2 of the Tennessee Rules of Appellate Procedure, however, allows this Court to suspend, for good cause, "the requirements or provisions of any of these rules," except for Rules 4, 11 and 12. See TENN. R. APP. P. 2. Therefore, there is "no bar to the suspension of Rule 3(a)." Bayberry Assocs., 783 S.W.2d at 559.

In order to suspend the requirements of Rule 3(a), this Court must affirmatively show that the rule is suspended and must give a "good reason" for the suspension. See Bayberry Assocs., 783 S.W.2d at 559; see also TENN. R. APP. P. 2. The stated purpose behind Rule 2 is to empower the courts "to relieve litigants of the consequences of noncompliance with the rules in those circumstances in which it is appropriate to do so." TENN. R. APP. P. 2 (advisory commission comment). We find it appropriate to do so here. This Court, on its own motion and pursuant to Rule 2, suspends Rule 3(a) in this case. See TENN. R. APP. P. 2. This is the third appeal in a case with a tortured history. These parties have been entangled in this case for over ten years and are entitled to some form of closure. We find this to be "good reason" to suspend the application of Rule 3(a) and address the merits of Mr. Ruff's appeal.

In its July 12, 2001 judgment, the trial court mentions that Mr. Ruff filed a complaint against the church for "assault and battery, false imprisonment, intentional infliction of emotional distress and outrageous conduct." Later in the judgment, the trial court states that "no battery, false imprisonment, outrageous conduct or intentional infliction of emotional distress occurred." The trial court neglected to mention the assault claim. As such, under Tennessee Code Annotated section 27-3-128, we remand to the trial court for further proceedings consistent with this opinion.[1] On remand, the trial court is instructed to render a decision on Mr. Ruff's assault claim.

In his fifth issue, Mr. Ruff argues that the trial court abused its discretion in failing to hold that Pastor Middlebrook's January 2, 1991 admission statement to Attorney William Hardwick constituted substantive, uncontroverted evidence of the church's liability in this cause under Rule 803(1.2)(A)(C)(D) of the Tennessee Rules of Evidence. Mr. Ruff has provided no authority to support this bare assertion. Thus, we find no merit in Mr. Ruff's assertion.

Mr. Ruff's sixth, seventh, and eighth issues involve persons, Officer Downs and Ms. Officer, who not parties to the present lawsuit and are irrelevant to this appeal. Mr. Ruff sued both Officer Downs and Ms. Officer in docket number 41122, which case was dismissed with prejudice on March 31, 1992 and September 21, 1992. Mr. Ruff's appeal of this decision was dismissed by this Court on December 28, 1992. On August 2, 1993, our Supreme Court denied Mr. Ruff's application to appeal this decision. Thereafter, on September 7, 1993, our Supreme Court denied Mr. Ruff's petition to rehear the denial of his application for permission to appeal. Thus, these issues have been previously resolved and are not properly before this Court.

In his ninth issue, Mr. Ruff alleges that the trial court erred in failing to find that the charter of the church did not authorize the church to hold religious services and to commit the tortious acts contained in the complaint. Specifically, Mr. Ruff argues that the trial court erred when it failed to mention the charter issue in its July 12, 2001 judgment. We find no merit in Mr. Ruff's assertion. The trial court found that the church committed no tortious act against Mr. Ruff. In light of this finding, it is irrelevant whether or not the church's charter authorized the church to commit tortious acts.

In his tenth issue, Mr. Ruff asserts that the trial court erred by denying his motion to set aside its January 17, 2001 order regarding re-consolidation of case number 41122 with this case. On December 1, 2000, Mr. Ruff filed a "Motion to Set Aside Orders of Dismissal in the Companion Case to this Cause Under Case Number 41122 For Purposes of Trial." The trial court denied Mr. Ruff's motion by order entered on January 17, 2001. On February 9, 2001, Mr. Ruff filed a motion to set aside the trial court's January 17, 2001 order, which motion was denied by order entered May 2, 2001. We find the trial court committed no error.

---

[1] Section 27-3-128 provides as follows: The court shall also, in all cases, where in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right. TENN. CODE ANN. § 27-3-128.

The defendants in case number 41122 were granted summary judgment on March 31, 1992 and September 21, 1992. Mr. Ruff appealed these orders on March 31, 1992 and this Court dismissed the appeal on December 28, 1992. Mr. Ruff's appeal of this decision was dismissed by this Court on December 28, 1992. On August 2, 1993, our Supreme Court denied Mr. Ruff's application to appeal this decision. Thereafter, on September 7, 1993, our Supreme Court denied Mr. Ruff's petition to rehear the denial of his application for permission to appeal. The dismissal of case number 41122 was proper and the trial court committed no error in refusing to revive an action that this Court and our Supreme Court considered concluded. Thus, Mr. Ruff's tenth issue has no merit.

In his eleventh issue, Mr. Ruff argues that the trial court erred by denying his motion to supplement the complaint. On March 13, 2001, Mr. Ruff filed a motion to supplement his complaint. This motion was denied by order entered on May 2, 2001.

In his motion, Mr. Ruff attempted to supplement his complaint by including issues relating to cases already decided and irrelevant to the current case. Mr. Ruff brings up issues relating to the 1992 restraining order which prevented him from contact with Ms. Beaver. Also, Mr. Ruff claimed that the state brought false misdemeanor charges against him for disregarding a red light and assault in retaliation against him for suing state officials in case number 41122. As previously stated in this opinion, the dismissal of case number 41122 was upheld by this Court and our Supreme Court. Similarly, the issuance of the 1992 restraining order was upheld by this Court in our opinion filed August 15, 1994. Beaver v. Ruff, No. 02A01-9303-CH-00051, 1994 Tenn. App. LEXIS 519, at *1-2 (Tenn. Ct. App. Sept. 13, 1994). Thereafter, Mr. Ruff filed a petition to rehear, which motion was denied by this Court on September 13, 1994. Beaver v. Ruff, No. 02A01-9303-CH-00051, 1994 Tenn. App. LEXIS 519, (Tenn. Ct. App. Sept. 13, 1994).

Rule 15.04 of the Tennessee Rules of Civil Procedure provides in pertinent part: "[u]pon motion of a party the court *may*, upon reasonable notice and *upon such terms as are just*, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." TENN. R. CIV. P. 15.04 (emphasis added). In interpreting the federal counterpart to state Rule 15.04,[2] the Western District Court stated that the decision to grant a motion to supplement the complaint is within the trial court's discretion. Stewart v. Shelby Tissue, Inc., 189 F.R.D. 357, 362 (1999) (citing Schuckman v. Rubenstein, 164 F.2d 952, 958-959 (6th Cir. 1947)). As a general rule, motions to file supplemental pleadings are granted. See id. However, in cases such as this, we find the trial court did not abuse its discretion in refusing to grant Mr. Ruff's motion.

In his twelfth issue, Mr. Ruff alleges that the record as a whole preponderates against the trial court's September 11, 2001 order denying Appellant's post-trial motions for new trial, to recuse, make additional findings, alter the judgment and granting the church discretionary costs.

---

[2] Federal Rule of Civil Procedure 15(d) and Tennessee Rule of Civil Procedure 15.04 are identical.

Rule 54.04 provides in pertinent part: "(1) Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs . . . (2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion." TENN. R. CIV. P. 54.04.

The decision to award discretionary costs is in the wide discretion of the trial court and this Court will not overturn such an award except where there has been an affirmative showing that the trial court abused its discretion. Sanders v. Gray, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998) (citations omitted). While the prevailing party is not automatically entitled to discretionary costs, trial courts generally award the successful party costs where that party files a timely motion. Id. (citations omitted). This Court must affirm the trial court's award of discretionary costs if there is any equitable basis in the record which supports the trial court's decision. Id. (citations omitted). On appeal, the party appealing the award of costs bears the burden of demonstrating that the trial court abused its discretion. Id. (citing Faux v. Spears, No. 03 A01-9312-CV-00433, 1994 Tenn. App. LEXIS 226, at *2 (Tenn. Ct. App. Apr. 26, 1994)).

In the present case, the church filed its motion for costs on August 3, 2001, within 30 days after entry of judgment. See TENN. R. CIV. P. 54.02(2). The trial court granted this motion by order entered September 11, 2001. After reviewing the record, we find that there is an equitable basis to support the trial court's decision to award costs. Inasmuch as the church was the successful party, the trial court acted within its discretion in awarding the church its costs. See id. (citations omitted).

On August 10, 2001, Mr. Ruff filed a motion to recuse, questioning the impartiality of the trial judge. This motion was denied by order entered September 11, 2001. "The determination of whether to recuse oneself rests within the sound discretion of the trial judge." Ellison v. Alley, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995). We find the trial court did not abuse its discretion in this case. See id.

Also on August 10, 2001, Mr. Ruff filed a motion to alter the judgment pursuant to Tennessee Rule of Civil Procedure 59.04. Specifically, Mr. Ruff alleged that the July 12, 2001 judgment was a miscarriage of justice and must be set aside. Said motion was denied by order entered September 11, 2001.

The standard of review for the denial of a motion made pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure is abuse of discretion. Morrison v. Morrison, No.W2001-02653-COA-R3-CV, 2002 Tenn. App. LEXIS 763, at *5 (Tenn. Ct. App. Oct. 29, 2002) (citing Smith v. Haley, No. E2000-001203-COA-R3-CV, 2001 Tenn. App. LEXIS 136, at *14 (Tenn. Ct. App. March 2, 2001); Bradley v. McLeod, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). Motions to alter or amend allow the trial court to revisit and correct "errors that were made when the court overlooked or failed to consider certain matters." Id. at *6 (citing Spencer v. Hurd Inv. Prop., Inc., No. 67, 1991 Tenn. App. LEXIS 275, at *12 (Tenn. Ct. App. 1991)). Motions made pursuant to Rule 59 may be granted "(1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a

judgment should be amended to correct a clear error of law or to prevent injustice." Bradley, 984 S.W.2d at 933 (citations omitted), *overruled in part on other grounds by* Harris v. Chern, 33 S.W.3d 741 (Tenn. 2000). Such motions, however, should not be granted where the movant is "simply seeking to relitigate matters that have already been adjudicated." Id. (citation omitted). We find that the trial court did not abuse its discretion in denying Mr. Ruff's motion to alter the judgment.

Pursuant to Rule 59.02 of the Tennessee Rules of Civil Procedure, Mr. Ruff filed a motion for new trial. The trial court denied said motion by order entered September 11, 2001. Motions made pursuant to Rule 59.02 are likewise reviewed under the abuse of discretion standard. Russom v. McClore, No. W1999-02215-COA-R3-CV, 2000 Tenn. App. LEXIS 314, *6 (Tenn. Ct. App. May 10, 2000) (citations omitted). Under this standard, Mr. Ruff must show that the trial court abused its discretion in refusing to grant his motion for new trial. See id. After a thorough review of the record, we find that the trial court did not abuse its discretion.

In his final post-trial motion, Mr. Ruff moved the court to amend and make additional findings pursuant to Rule 52.02 of the Tennessee Rules of Civil Procedure. This motion was likewise denied by the trial court by order entered September 11, 2001. Rule 52.02 provides in pertinent part: "[u]pon motion of a party made not later than 30 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." TENN. R. CIV. P. 52.02. The decision of whether to grant a motion for additional findings made pursuant to Rule 52.02 is within the sound discretion of the trial court. Long Equipment Co., Inc. v. Keeton, 736 S.W.2d 611, 614 (Tenn. Ct. App. 1987). The language of the rule itself provides that the trial court *may* make additional findings. Id.; see also TENN. R. CIV. P. 52.02. From the record before us, we cannot say that the trial court abused its discretion in refusing to grant Mr. Ruff's motion for additional findings. See id.

In his reply brief, Mr. Ruff urges this Court to "revisit" our August 15, 1994 opinion which affirmed the trial court's grant of a permanent injunction which prevented Mr. Ruff from "further manifestations of his ill-perceived, unrequited love for Ms. Beaver." Beaver v. Ruff, No. 02A01-9303-CH-00051, 1994 Tenn. App. LEXIS 455, *1 (Tenn. Ct. App. Aug. 15, 1994). We affirmed the trial court in our opinion filed August 15, 1994, finding that the issuance of the injunction was justified. Beaver, 1994 Tenn. App. LEXIS, at *1-2. Thereafter, Mr. Ruff filed a petition to rehear, which motion was denied by this Court on September 13, 1994. Beaver v. Ruff, No. 02A01-9303-CH-00051, 1994 Tenn. App. LEXIS 519, (Tenn. Ct. App. Sept. 13, 1994). These issues have been previously addressed and decided by this Court and as such this argument is not properly before this Court and will not be further addressed.

## Conclusion

Accordingly, we remand to the trial court for consideration of the assault claim. The judgment of the trial court is otherwise affirmed in full. Cost on appeal are taxed to the Appellant, John Ruff, and his surety, for which execution may issue if necessary.


_____
ALAN E. HIGHERS, JUDGE